## OSCAR SMITH v. THE STATE.

*No. 7760. Decided May 25.*

1. **Assault with Intent to Murder—Indictment.—**Where an indictment for assault with intent to murder charged that the assault was made "with intent to kill," instead of with intent "to murder," *held,* that the indictment was sufficient. A party can not, with malice aforethought, make an assault upon another with intent to kill him without intending to murder him.

2. **Approved form for Indictment for Assault with Intent to Murder.—**See the opinion for an indictment for assault with intent to murder which is commended as an approved form for charging that offense.

APPEAL from the District Court of Houston. Tried below before Hon. F. A. WILLIAMS.

Appellant was tried and convicted for assault with intent to murder, his punishment being assessed at two years in the penitentiary.

In view of the disposition made of the appeal in this case, it is unnecessary to make a statement of the evidence adduced at the trial.

J. W. Madden, for appellant, among other matters contended for in his brief, insisted that the indictment charged no offense known to the law, in that it charged an assault with intent to kill, instead of an assault with intent to murder, and cited in support of this proposition: Penal Code, art. 500; Code Crim. Proc., arts. 420, 423; Moore v. The State, 34 Texas, 138; Archer v. The State, 34 Texas, 646; Hotchkiss v. The State, 30 Texas, 163; Peterson v. The State, 12 Texas Ct. App., 650; Sheffield v. The State, 1 Texas Ct. App., 640; Lockwood v. The State, 1 Texas Ct. App., 749; Merideth v. The State, 40 Texas, 480; Bean v. The State, 25 Texas Ct. App., 346.

R. H. Harrison, Assistant Attorney-General, for the State, in support of the sufficiency of the indictment, cited: Caldwell v. The State, 28 Texas Ct. App., 566; Hodges v. The State, 20 Texas, 494; Hotchkiss v. The State, 30 Texas, 163.

DAVIDSON, Judge.—Omitting formal parts, the indictment alleges that appellant, "in the county of Houston and State of Texas, on the first day of October, A. D. 1891, with malice aforethought, in and upon D. H. Bayne, did make an unlawful assault, with intent then and there to kill him, the said D. H. Bayne, against the peace and dignity of the State." A motion in arrest of judgment was urged against this indictment, because it charged the assault was made with intent to kill, and not with intent to murder, the assaulted party.

In order to constitute this offense, it is essential that the assault be made with the intent to kill the assaulted party, and under such circumstances that, had death resulted, the offense would be murder. This consists of an assault, with malice aforethought, with an intent to kill. If these elements are alleged, the indictment is sufficient. This indictment charges that appellant, with malice aforethought, did make an assault upon D. H. Bayne with intent to kill him. These allegations set forth the essential elements of an assault with intent to murder, and, if true, they constitute that offense. A party can not, with malice aforethought, make an assault upon another, with intent to kill him, without intent to murder him; and it is sufficient in cases of this character to charge, in legal form, that the accused, with malice aforethought, made an assault with intent to kill. We are of opinion that the indictment is not only sufficient, but commend it as an approved form in charging this offense. It is unnecessary to discuss the remaining assignments of error, as we deem them not well taken. Judgment affirmed.

*Affirmed.*

Judges all present and concurring.