## WYATT WILLIAMS v. THE STATE.

### No. 1306. Decided June 26, 1897.

**Assault with Intent to Murder—Charge.**

On a trial for assault with intent to murder, where the court applied the law to the facts as follows, viz.: "If you are satisfied from the evidence, beyond a reasonable doubt, that the defendant, without legal justification or excuse, did * * * cut R. with a knife, and that the knife was a deadly weapon as above defined; and that defendant so cut said R., not through sudden impulse, passion, or resentment, fear or terror, but did so with the intent then and there to kill him, and with malice aforethought, as above explained, then you will find him guilty of an assault with intent to murder, and assess his punishment," etc. Held, this charge defines all the essential elements of an assault with intent to murder, and is sufficient. It was not essential that the court should have further submitted the statutory [Penal Code, art. 607] tests or criterion of the offense.

APPEAL from the District Court of Houston. Tried below before Hon. W. H. GILL.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The indictment charged defendant with making an assault upon one Gus Richardson, with intent to kill him, on or about the 1st day of September, 1895. Concisely stated, the testimony for the State was, that the assault was committed in a ginhouse at the village of Augusta, where an election was being held, on the 3d of September, 1895. That several white men had gone into the ginhouse (presumably to get something to drink), and defendant, who was a negro, came in. Richardson said something, which none of the witnesses for the State could remember, when defendant said, "By God, I don't know you," which he repeated several times, and added, "I don't know you, and won't know you until after 4 o'clock; then everybody will know you." Richardson asked him what he meant, and when defendant repeated what he had said, Richardson said, "I don't give a d—n whether you ever know me;" whereupon defendant took a step towards him and stabbed him with a knife and struck at him again with it, but bystanders interfered. The knife was a pocket knife, with the blade some three or four inches long. The wound and its nature are disclosed in the testimony of Dr. Hall Willson.

Dr. Willson testified: "I was called to see Gus Richardson when he got cut by defendant. I saw him about 4 o'clock the evening he got cut. It was the 3d day of September, A. D. 1895. He was suffering from a punctured wound similar to a knife stab; below, and to one side of the navel, he was bleeding internally and was very much swollen from the internal hemorrhage when I got to him. I at once saw that prompt measures were necessary, and that an artery, which had been cut and was bleeding freely, had to be taken up. I at once proceeded to perform upon him an operation known as ——————. In other words, I at once cut him open so as to find the artery; found it, and took it up. The wound was too small to operate in, was why I had to cut him open. Where the knife entered the belly, it was about an inch in length. Upon

cutting him open, I found the knife had penetrated the cavity; it had not cut any of the small intestines, but had cut a wound about one and one-half inch long in the stomach, and it was also filled with blood. I cut it open also; emptied the blood and cleaned it out and sewed it up. I also took out the intestines; emptied the abdominal cavity of blood, cleaned it out, and sewed it up; but so that I could watch the healing of the stomach. If I had not performed the operation when I did, he would have died in a few minutes. I visited him regularly for nineteen days. I found only the one cut on him."

*H. W. Moore*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder. He assigns as error the failure of the court to inform the jury in the charge that the criterion of the offense of assault with intent to murder consists in the fact that, had the killing occurred, it would have been murder. The statute provides that, where the killing would have been murder, then, falling short of a killing, the assault would be with intent to murder; but it does not follow that, because the charge failed to charge this statute, the cause should be reversed. This question came up in Wagner v. State, 35 Texas Criminal Reports, 255. The charge in that case is the same as in this. See also Hooper v. State, 29 Texas Crim. App., 614; Smith v. State, 31 Texas Crim. Rep., 33; White v. State, 34 Texas Crim. Rep., 153. In this case the court charged the jury, defining assault, aggravated assault, and malice aforethought, and applied the law to this case. The charge is as follows: "If you are satisfied from the evidence, beyond a reasonable doubt, that the defendant, Wyatt Williams, without legal justification or excuse, did, in the county of Houston and State of Texas, on or about the 1st day of September, 1895, and prior to the 9th day of October, 1895 (the date of the filing of the indictment), cut Gus Richardson with a knife, and that the knife was a deadly weapon, as above defined, and that defendant so cut said Richardson, not through sudden impulse, passion, or resentment, fear, or terror, but did so with the intent then and there to kill him, and with malice aforethought, as above explained, then you will find him guilty of an assault with intent to murder, and assess his punishment," etc. This defines all of the essential elements of an assault with intent to murder; and under numerous decisions in this State, some of which are cited above, this charge was sufficient.

The remaining error complained of is the want of sufficient evidence to support the conviction. As usual, there were two theories presented by the testimony—one a defensive, and the other a premeditated, uncalled-for stabbing of the injured party by the appellant. The theory of aggravated assault was also presented by the testimony. All of these

phases of the testimony were fairly presented by the charge of the court. The jury passed upon the evidence and credibility of the witnesses, and found the assault was made with the specific intent to murder. If the testimony for the State be true, there is no question of the guilt of appellant. The jury settled this question, and we see no reason for disturbing their verdict. The judgment is accordingly affirmed.

*Affirmed.*