### DICK JACKSON v. THE STATE.

#### No. 3305. Decided November 15, 1905.

**1.—Assault with Intent to Murder—Indictment—Intent to Kill.**

An indictment for assault with intent to murder, which charged that the assault alleged was made with intent to kill with malice aforethought is sufficient. Following Smith v. State, 31 Texas Crim. Rep., 33.

**2.—Same—Practice—Codefendant Turning State's Evidence.**

Where on a trial for assault to murder, defendant's codefendant had turned State's evidence and testified for the State against the appellant, there was no error in refusing defendant's request that his codefendant should be tried first.

**3.—Same—Continuance—Admission of Testimony.**

Where the State admitted the truthfulness of the testimony of the absent witness which was on file in court, there was no error in refusing a continuance.

**4.—Same—Evidence—Means Used—Identifying Stick.**

On a trial for assault with intent to murder it was competent to exhibit the stick with which the alleged assault was made to the jury, and to identify the stick as the one with which defendant assaulted prosecutor.

**5.—Same—Evidence—Hearsay—Harmless Error—Withdrawal of Testimony.**

Where on trial for assault to murder, the court admitted hersay testimony which he afterwards withdrew, and besides such testimony was not objected to as hearsay at the time, there was no error.

**6.—Same—Accomplice—Charge of Court.**

Where on trial for assault to murder the testimony showed that while appellant proposed to witness to help him kill prosecutor, that the witness immediately repudiated the proposition, and that the defendant denied the entire transaction, there was no testimony inculpating said witness as an accomplice, and no necessity for a charge on the law of accomplice as to his testimony.

**7.—Same—One Accomplice Cannot Corroborate Another—Charge of Court.**

Where on trial for assault to murder, the court charged that two certain witnesses for the State were each accomplices, and that the jury could not find the defendant guilty upon their testimony, the same adequately instructed the jury under the facts in this case that said witnesses could not corroborate each other.

**8.—Same—Weight of Evidence—Charge of Court.**

Where the charge of the court on accomplice's testimony was subject to the criticism that it was on the weight of the evidence, but there was no exception reserving this point, either by bill, or motion for new trial, the same cannot be considered on appeal.

**9.—Same—Self-Defense—Deadly Weapon—Charge of Court—Bill of Exceptions.**

Where neither the motion for new trial, nor bill of exceptions criticised the charge of the court, that the same authorized defendant to defend only against an attack with a deadly weapon, when the facts authorized him to defend against an assault not made with a deadly weapon, the same could not be considered on appeal.

**10.—Same—Specific Intent to Kill—Weapon Used—Conspiracy—Charge of Court.**

Where on a trial for assault with intent to murder, the evidence showed a conspiracy on the part of defendant and the wife of prosecutor to kill him, in order that appellant might marry prosecutor's wife, and that defendant struck prosecutor over the head with a stick, about two feet long and one or two inches thick, and weighing a pound or two, with all his might, inflicting a severe wound upon his head, and continued the assault until he was forced to desist, the jury were justified in finding a verdict of guilty. Besides the defendant did not except to the court's failure to instruct with reference to the specific intent to kill, etc.

Appeal from the District Court of Coryell. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of assault with intent to murder; penalty, eleven years imprisonment in the penitentiary.

The following statement taken from the brief of the Assistant Attorney-General is substantially correct:—The evidence developed a conspiracy between appellant and prosecutor's wife, for the purpose of murdering prosecutor, that appellant might marry prosecutor's wife—appellant's codefendant. Mrs. Benoist testified at the instance of the State, and admitted the conspiracy. The assault occurred at night, in prosecutor's horse-lot. The testimony of Mrs. Benoist, Clarence and Will Hartman, shows that appellant intended to kill prosecutor with a stick, and then throw his body under the mules which were hitched in the lot, for the purpose of making it appear that prosecutor had been killed by the mules. The evidence is sufficient to show that appellant had the specific intent to kill. The court submitted the law applicable to assault with intent to murder, and aggravated assault.

*Owens Miller* and *R. F. Moore,* for appellant.—On question of accomplice's testimony: Phillips v. State, 17 Texas Crim. App., 169; Jernigan v. State, 10 id., 546; Roberts v. State, 44 Texas, 121; Winn v. State, 15 Texas Crim. App., 169; Sitterell v. State, 13 id., 587; Howell v. State, 16 id., 93; Coffett v. State, 19 id., 450; Crenshaw v. State, 12 Texas Ct. Rep., 758; Washington v. State, 11 id., 1028; Hart v. State, id., 190; Jones v. State, 7 id., 13. On question of self-defense: Hunnicutt v. State, 20 Texas Crim. Rep., 632; Meuly v. State, 26 id., 274.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a term of eleven years; hence this appeal.

Appellant insists that the indictment is bad, and should have been quashed. The ground of said motion is based on the proposition that the indictment charges that the assault alleged was made with intent to kill: the contention being that the statute does not define an assault with intent to kill as an offense, but assault with intent to murder. The validity of an indictment of this character was before the court in Smith v. State, 31 Texas Crim. Rep., 33. It was there held, that, where the indictment alleged the assault was made with malice aforethought, with intent to kill, it was sufficient. Such is the character of indictment here.

There is nothing in appellant's contention that Mary Benoist, his codefendant, should be tried first. She did not agree to be tried first; her case was the last on the docket, and she insisted that appellant should be tried first. Besides, she turned State's evidence, and testified for the State against appellant.

Nor is there anything in appellant's application for continuance. The State admitted the truthfulness of the testimony of the absent witnesses, which was on file in court. It was competent to exhibit the stick with which the alleged assault was made, to the jury, and to identify the same as the stick with which appellant assaulted prosecutor. This, as we understand was adequately done.

We do not believe it was competent for the State to prove by the witness Mel Smith that Mrs. Jackson told him, on the night after the difficulty, when he inquired of her, that appellant had gone to San Saba County; still we do not believe this testimony was calculated to prejudice appellant. Besides, the court in his explanation says, that no objection was made to this evidence, because the statements of Mrs. Jackson were not in the presence or hearing of the defendant, or that he was not bound by them. The only objection thereto was that it was immaterial and irrelevant, and it did not appear that appellant was present; and that all the statements of Mrs. Jackson to Mel Smith, set out in the above bill, were withdrawn from the jury, and they were told by the district attorney and the court not to consider the same for any purpose. We think this explanation cured any possible error.

Appellant in his motion for new trial questions the charge of the court in a number of respects. Among other things, he criticises the charge on accomplice's testimony, to wit: that the court should have told the jury that Will Hartman was an accomplice, or have submitted that issue to them. The court instructed the jury that Mrs. Benoist, wife of prosecutor, and Clarence Hartman, were accomplices; but did not instruct the jury with reference to Will Hartman being an accomplice. We think the court was entirely correct in not submitting the question with reference to Will Hartman. The testimony does not

indicate that he was an accomplice. True he testified that appellant proposed to him to help him kill prosecutor; but the testimony of this same witness shows that he immediately repudiated the proposition, and told appellant that he did not want any of it in his; and his brother also states that Will Hartman did not agree to commit it. Appellant himself denies the entire transaction. There was no testimony inculpating Will Hartman as an accomplice. As to Clarence Hartman the testimony was slight. He says that he told him at first that he would go, and then afterwards told him he would not. As stated, the court instructed the jury that Clarence Hartman was an accomplice.

It is also objected to said charge that it did not instruct the jury that one accomplice could not corroborate another; and that this should have been done as to the evidence of witnesses Clarence Hartman and Mrs. Benoist. The court, after defining what it took to constitute an accomplice instructed the jury, as follows: "Now, if you are satisfied from the evidence beyond a reasonable doubt that the offense has been committed, then the witnesses Mrs. Benoist and Clarence Hartman are each accomplices, and you cannot find the defendant guilty, upon their testimony." It seems to us that this charge adequately instructed the jury that these two witnesses could not corroborate each other, inasmuch as they were directly told that they could not find defendant guilty upon their testimony alone. In appellant's brief, but not in his motion for new trial, he criticises this charge on accomplice's testimony on the ground that the same was a charge upon the weight of the evidence. The language in this connection, followed up the charge above quoted, and is as follows: "You cannot find the defendant guilty upon their testimony, unless you are satisfied that the same has been corroborated by other evidence tending to show that defendant did in fact commit the offense." It is insisted that this charge assumes the truth of the testimony of the accomplices. We believe it is subject to this criticism. But inasmuch as no bill of exceptions was reserved to the charge on this ground, either by bill or in motion for new trial, appellant cannot avail himself of it now.

Appellant also in his brief questions the charge of the court on self-defense, urging that the same authorized appellant to defend only against an attack with a deadly weapon. We believe this criticism is supported by the charge, and that the court properly should have gone farther, and authorized appellant to defend against an assault not made with a deadly weapon. However, no exception was taken to the charge on self-defense on this ground, either by separate bill or in motion for new trial. The exceptions to the charge of the court were of a special character.

Appellant questions the conviction on the ground that there was no specific intent to kill, considering the weapon used, a stick, about two feet long, and one or two inches thick, and weighing a pound or two. It will be noted in this connection, that the charge was not ques-

tioned, because of a failure of the court to instruct the jury with reference to the intent, in connection with the instruments or means used, under article 717, et seq., Penal Code. The court did instruct the jury that they must believe from the evidence that appellant had the specific intent to kill deceased, before they could find him guilty of an assault with intent to murder. While there might be some question, judging from the character of the weapon alone, as to the deadly character of the assault, yet this, in connection with the other testimony in the case, showing a conspiracy on the part of appellant and the wife of prosecutor to kill him, in order that appellant might marry prosecutor's wife, leaves no doubt as to appellant's purpose in making the assault. He not only struck prosecutor with all his might over the head with the stick in question, inflicting a severe wound on the top of his head, but after prosecutor succeeded in wrenching this from him, he kept up the assault, and almost choked prosecutor to death, and doubtless would have done so, but for the fact that prosecutor got one of his thumbs in appellant's eye, and one of his fingers in his mouth, which caused appellant such pain that he was compelled to desist from his choking operation. After prosecutor got away from appellant he followed him to the house, attempted to catch him, and renew the assault. We think the circumstances amply justified the the jury in finding that appellant had the specific intent to murder, and but for the strenuous defense put up by prosecutor, appellant would have accomplished his purpose, either with the stick or by choking prosecutor to death. There being no error in the record, the judgment is affirmed.

*Affirmed.*