### KIRVEN JOHNSON v. THE STATE.

#### No. 5249. Decided January 22, 1919.

**1.—Assault to Murder—Indictment—Precedent—Rule Stated.**

The rule is that where the indictment charges that the accused with malice aforethought made an assault with intent to kill, it sufficiently charges an assault with intent to murder. Following Jackson v. State, 48 Texas Crim. Rep., 648, and other cases.

**2.—Same—Practice on Appeal.**

In the absence of a statement of facts or bills of exception where the conviction is based on a valid indictment the judgment is affirmed.

Appeal from the District Court of Limestone. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder, his punishment being assessed at two years confinement in the penitentiary.

He attacks the indictment upon the theory that it does not charge the offense of assault with intent to commit murder. Omitting formal parts and dates, the indictment alleges that appellant "did then and there unlawfully with his malice aforethought make and commit an assault in and upon Isabella Johnson, with the intent then and there to kill the said Isabella Johnson, against the peace and dignity of the State."

Two grounds are urged: first, that it charges no offense against the laws of the State, there being no such offense as an assault with intent to kill in the law of Texas; and, second, that nowhere in the indictment is the word "murder" found or named. We are of opinion that the indictment is sufficient. The identical form as here set out has been approved in Loyons v. State, 9 Texas Crim. App., 636; Smith v. State, 31 Texas Crim. Rep., 33, and Jackson v. State, 48 Texas Crim. Rep., 648. For a great number of other cases listed by Mr. Branch, with analogous reasoning and sustaining these authorities, see his Ann. P. C., sec. 2059. These authorities all hold that where the indictment charges that the accused with malice aforethought made an assault with intent to kill, it sufficiently charges an assault with intent to murder. It is not necessary in such indictment to charge the intent to kill and murder. The indictment, we think, is sufficient, and the court did not err in overruling the motion to quash.

The record is before us without a statement of facts or bills of exception. The motion for new trial was based upon the proposition that the verdict of the jury is contrary to the law and the evidence, and that the court erred in permitting the witness, over objection of appellant, to state that defendant cut his wife about June 19, 1917, and this prejudiced the minds of the jury against the defendant. This is only stated as a ground of the motion. There is no evidence in the record, nor was a bill of exceptions reserved to this alleged error.

As the record is presented the judgment will be affirmed.

*Affirmed.*