RAYMOND DAUGHERTY V. STATE.

No. 24195. Delivered December 8, 1948.
Rehearing Denied January 19, 1949.

*W. W. Ballard,* Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of three years.

We find in the transcript an instrument denominated "Defendant's Bills of Exceptions." The same character of instrument appears in Raymond Daugherty v. State, No. 24,194, this day decided. (152 Crim. Rep. 590). For complete discussion of the question raised thereby reference is made to said opinion.

Appellant addressed a number of objections to the court's charge. We have examined the charge in the light of the objections addressed thereto and have reached the conclusion that the court gave a fair charge on the law applicable to every issue raised by the evidence.

The only question remaining is the sufficiency of the evidence to sustain his conviction. The record shows that appellant and the injured party, together with two other prisoners, were con-

fined in jail by reason of having been convicted of a felony. On the occasion in question, they were served chicken for their noon meal. John Ray Blackburn, one of the prisoners, threw some chicken bones on the floor of the cell. The injured party asked him to pick up the bones and this caused Blackburn to make some uncomplimentary remark which precipitated a fight. Then, appellant inquired of the injured party something to the effect, was he, the injured party, trying to bully the tank. The injured party replied that he was not and they, appellant and the injured party, met in the middle of the floor and started fighting. While they were exchanging blows, appellant was knocked down. After appellant had been knocked down, he obtained an empty quart bottle, broke the bottom out of it, and with the jagged part thereof, struck, beat, and cut the injured party on the head and neck inflicting, according to the testimony of the physician who administered to the injured party, a serious wound on the neck and many minor wounds on the head. The wound on the neck was such that it might have caused the man's death. It might have, or could likely have, caused death. The jailer who heard the disturbance up in the jail said that when he started to go up to the cell in which the prisoners were confined he heard some one say, "Goddam, I will kill you," but he did not know who said it.

The sheriff testified that when they were bringing the injured party out of the door to the cell he, the sheriff, inquired of him what happened and he replied, "The s-- of a b---- tried to kill me."

The specific intent to kill is an essential element of the offense of assault with intent to murder according to Art. 1160, Vernon's Ann. P. C. Such intent may be inferred when the instrument used in the commission of the assault is a deadly weapon. If, however, the weapon is not deadly, the intent to kill on the part of the accused may be ascertained from the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the assault with intent to murder is complete, even though the instrument used was not a deadly weapon. See Branch's Ann. P. C., Sec. 1636; Basquez v. State, 114 Tex. Cr. R. 602 (26 S. W. (2d) 206) ; Jackson v. State, 48 Tex. Cr. R. 648 (90 S. W. 34) ; Ammann v. State, 145 Tex. Cr. R. 34 (165 S. W. (2d) 744) ; and Bailey v. State, 123 Tex. Cr. R. 206 (58 S. W. (2d) 834).

When the evidence, though meager, is such that from it the jury could logically draw the conclusion that the accused com-

mitted an assault with intent to murder, this court would not be authorized to hold the evidence insufficient. It is only when the evidence wholly fails to show, either from the instrument used, or from the nature of the wounds inflicted, that the accused intended to kill the injured party that this court will hold the evidence to be insufficient.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant renews his contention that the facts are insufficient to support the conviction.

The facts have been again reviewed in the light of this contention, and we remain convinced that they are sufficient.

It would serve no useful purpose to again restate the facts.

The motion for rehearing is overruled.

Opinion approved by the Court.