## A. L. ROMING V. STATE.

No. 24727. March 29, 1950.
Rehearing Denied May 17, 1950.

*H. S. Beard,* Waco, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, three years in the penitentiary.

Appellant was the operator of a beer tavern, and, at this particular time, was engaged in playing poker with Day, the injured party, and with others. An argument arose between Day and appellant, as a result of which appellant told Day to leave the game if he did not like the way he was running it. Day agreed, gathered up his money, and left the game and also the building. Appellant followed him and at the point of a pistol ordered Day to return to the building. As to what then happened, we quote from Day's testimony as follows:

"He marched me from the highway over 100 feet to the beer joint. He put a chair out and told me to sit down and play poker. I told him I wasn't going to play. He said 'if you don't play I'll blow your G-d- brains out.' I told him to go ahead and kill me, I wasn't going to play. I didn't start playing poker

again and I don't think they did either. I sat down in the chair, sat down in one across the table from him and he was sitting there with the gun in his hand. He wasn't holding it on me, towards me all the time, he just cursed me and I told him 'you should be ashamed of yourself, get a man in here and take advantage of him' and he says 'do you want to go outside and settle it?' and I said 'yes.' Mr. Dudley asked him to put up the gun and he handed somebody the gun and we started out the door. I was kind of in the lead and just as I stepped off the steps he struck me there with a knife, I turned around and hit him in the face and he stuck me right there (indicating) and then cut me twice more, stabbed me in the stomach there."

Day was carried to a hospital, where he underwent surgical treatment. As to the nature of the wounds, we quote from the testimony of the attending physician, as follows:

"The wound to the left and anterior of the abdomen had penetrated the peritoneum cavity, approximately in this location (indicating location on District Attorney.) The wound as I saw it was a small incised wound, it seemed to have been made by a sharp instrument, type undetermined.

"I prepared him for surgery and operated at that time. Incision was made in the anterior abdomen wall. The incision was approximately 5 inches. The peritoneum cavity was entered and it was apparent that the wound in the left of the abdomen had penetrated the peritoneum cavity. A thorough search was made in the abdomen to ascertain whether any of the viscera had been injured by the wound at the time the wound was made. It was found that in the small intestine was a very small lacerated wound, in the intestinal wall. This wound was approximately one-half of a centimeter in length. I would say a centimeter is about a little less than half an inch. From my examination I couldn't tell how far the instrument that caused the wound penetrated the abdomen. The wound was in the anterior abdomen which had penetrated the peritoneum cavity and which would be classified as a potentially serious wound. I felt that surgery was needed to save this man's life.

"To the best of my knowledge he stayed in the hospital about 12 days. I waited on him as long as he was there. His recovery was normal in every respect without complications."

A description of the knife used by appellant was not given.

The defensive theory was that of self-defense, appellant claiming that as they left the building immediately before the

cutting, Day first attacked the appellant and that what he did was in self-defense against that attack. Appellant insists that the facts are insufficient to show an intent to kill, especially in view of (a) the absence of proof as to the description of the knife, (b) the nature and extent of the injury, and (c) the testimony showing that appellant had the opportunity of killing the injured party by shooting him with the pistol prior to the alleged assault with the knife.

While the question is not free from difficulty, we have concluded that the facts are sufficient to sustain the conviction, under the general rule stated in Ammann v. State, 145 Tex. Cr. R. 34, 165 S. W. 2d 744, where we said:

"The specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160, P. C. Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon. Branch's P. C., Sec. 1636; Franklin v. State, 37 Tex. Cr. R. 113, 38 S. W. 802, 1016; Basquez v. State, 114 Tex. Cr. R. 602, 26 S. W. 2d 206; Rose v. State, 123 Tex. Cr. R. 261, 58 S. W. 2d 526."

The judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed additional argument, in his motion for rehearing, on the question of the sufficiency of the evidence. Apparently he is encouraged by the statement in the original opinion that the case is not free from difficulties. This statement is correct and at the same time we do not think there is doubt as to the correctness of the conclusion reached.

When the nature of the instrument is not shown we frequently find some difficult question. Among the cases relied on by appellant for reversal are Dodd v. State, 134 Tex. Cr. R.

26, 113 S. W. 2d.540; Pleasant v. State, 140 Tex. Cr. R. 267, 144 S. W. 2d 545; and Ammann v. State, 145 Tex. Cr. R. 34, 165 S. W. 2d 744.

In Dodd v. State, supra, a reversal was had because there was no evidence showing the nature of the instrument used, as limited by the court's charge. The prosecuting witness sustained no injuries of any character. Consequently, there was no basis for a conclusion on the two elements essential in a prosecution for assault to murder.

In Pleasant v. State, supra, we find a similar situation to that in the Dodd case. There is no evidence of the seriousness of the wound and none as to the size of the knife involved. Even though the defendant had expressed an intent to kill, it was there held that a threat did not, under the circumstances, supply the elements necessary to be found by the jury to support a conviction for assault to murder.

In Amman v. State, supra, it was held that because the weapon used in committing the assault was not shown to be deadly and the wound not shown to be serious, a conviction for assault to murder could not stand, though the accused had made a threat to kill.

The evidence quoted in the original opinion distinguishes the instant case from the three cases herein discussed, and all others relied upon by appellant. The testimony of the attending physician in this case is amply sufficient to support the finding of the jury. The seriousness of the wound supports the further finding that the instrument used was sufficient to produce death and, thereby, supports the jury's finding on the question of intention under all of the circumstances of this case. It is not necessary to restate the evidence.

The motion for rehearing is overruled.

No. 24679. March 8, 1950.
Rehearing Denied May 17, 1950.