WILLIE HENRY, JR. V. STATE.

No. 25679. January 30, 1952.
Rehearing Denied March 12, 1952.

Hon. Lester Holt, Judge Presiding.

G. F. *Steger*, Columbus, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, eight years in the penitentiary.

According to the state's testimony, the injured party, Smith, was seated in the balcony of a motion picture theatre. A girl friend of both appellant and Smith came into the balcony and took a seat next to Smith. About five minutes thereafter, appellant came into the balcony and asked the girl to go downstairs with him. She replied that she was not ready to go. Whereupon, appellant left the balcony and in a short time returned and said to the girl he "was ready to go." Again she refused to go with him. As to what then happened, we quote from the direct examination of the injured party as follows:

"Then after a while I felt something hit me in the back. I raised up. It was a knife that he hit me with; I felt the blood running down my back. I was sitting down when he hit me. He hit me under the shoulder blade the first time. It was a cut when he hit me the first time. Then he hit me the second time. He stabbed me then, about this far from the spine. (Indicating.) I had not said anything to him and he had not said anything to me at the time he cut me; he was talking to this girl all the time. I don't think the girl was any relation to him. He wasn't married to her.

"Willie Henry was in back of me when he cut me the first time. When he stabbed me the second time I hollered. Then I tried to stand up. I couldn't stand up, I was weak in my legs

and I started going down. I couldn't stand up after I was stabbed, I was paralyzed from my hips down."

Two wounds were inflicted upon the injured party; The one on the left shoulder was superficial; the other was a stab wound below the neck and "right over the spine" about the seventh vertebra and three or three and a half inches deep, partially severing the spinal cord. As a result of this wound the injured part was hospitalized for about three months and at the time of the trial remained partially paralyzed. The wounds were inflicted with a two-bladed pocket knife, one blade measuring three inches and the other, three and a quarter inches in length. The record does not reflect which blade was used in inflicting the injuries.

It was the theory of the state that the assault was prompted because the girl friend had broken a date with appellant.

Appellant, testifying in his own behalf, presented the defense of a lack of intent to kill and of self-defense based upon the apparent attack as also antecedent threats of the injured party. It is appellant's contention that the facts are insufficient to support the conviction in that no specific intent to kill or malice aforethought is shown. Appellant correctly argues that inasmuch as the instrument here used was not a deadly weapon per se, no presumption of an intent to kill arises and that under such circumstances such an intent became a fact question.

But the fact that the injury inflicted was with an instrument not per se a deadly weapon does not necessarily reflect the absence of an intent to kill.

In Ammann v. State, 145 Tex. Cr. R. 34, 165 S. W. 2d 744, we had occasion to state the rule controlling the sufficiency of the evidence to show an intent to kill. We there said:

"The specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160, P. C., Vernon's Ann. P. C. Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even

though the instrument used was not a deadly weapon. Branch's P. C., Sec. 1636; Franklin v. State, 37 Tex. Cr. R. 113, 38 S. W. 802, 1016, Basquez v. State, 114 Tex. Cr. R. 602, 26 S. W. 2d 206; Rose v. State, 123 Tex. Cr. R. 261, 58 S. W. 2d 526."

The facts in the Ammann case, supra, which were held insufficient to show an intent to kill, under the rule stated, differ from the instant facts chiefly in the nature and extent of the injury inflicted. Here, the injury inflicted partially severed the spinal cord and could have very easily resulted in the death of the injured party. Such a dangerous or serious injury was not shown in the Ammann case.

The conclusion is reached that the instant facts are sufficient to warrant the jury's conclusion of guilt.

The judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant contends, in his motion for rehearing, that we have overruled the doctrine laid down in the Ammann case, supra.

We have reconsidered the facts of the case now before us and the expressions in the opinion herein, and are firmly of the opinion that the right conclusion was reached. A distinguishment was clearly made between the facts of the instant case and the facts in the Ammann case which the court cited as a basis for the affirmance. The discussion of the law, however, is quite conclusive on the matter at issue herein.

Appellant's motion for rehearing is overruled.