JIMMIE CHEEKS v. STATE.

No. 25794. April 16, 1952.

Hon. John H. Tate, Judge Presiding.

*E. T. Simmang, Jr.,* Giddings, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for assault with intent to murder with malice, with punishment assessed at confinement in the penitentiary for two years.

Ill feeling had existed for some time between appellant and the injured party, who is the aunt of the appellant. The injured party had been adjudged by the magistrate to give a peace bond because of her conduct toward the appellant. A shooting difficulty had occurred five days prior to the instant assault.

According to the testimony of the injured party, the appellant, without justification or excuse, opened fire upon her with a shotgun, two of the three shots fired taking effect. Appellant denied that he was the aggressor in the assault, testifying that he shot only in self-defense against the attack of the injured party who shot at him with a pistol. There was also testimony of threats on the part of the injured party. Witnesses corroborated the testimony of each of them.

The jury resolved the disputed issues of fact by its verdict, which, being supported by the facts, will not be overturned.

Appellant insists that the undisputed facts do not show an intent to kill, but rather that the wounds inflicted were of such superficial nature as to show that the intent to kill was not present.

The shotgun being a deadly weapon per se and the assault having been committed by shooting the gun, the intent to kill is to be inferred. Burks v. State, 145 Tex. Cr. R. 15, 165 S. W. 2d 460. The facts before us do not reflect the relative distances between the injured party and the appellant when the shots were fired. The wounds inflicted upon the injured party were of

such serious nature that she was hospitalized for about ten days.

We are unable to agree with appellant's contention that the intent to kill is not shown by this record.

Appellant was in position to prove and could have proved, had he been permitted, that shortly after the injured party was released from the hospital and in conversation with her sister relative to the assault she told her that she tried her best to kill the appellant, that she wanted to shoot him in the center of the forehead, and begged God to so direct the bullet.

Upon cross-examination of the injured party, appellant first sought to lay a predicate for the introduction of such testimony. This being denied, he then sought to offer it as original evidence. The trial court's refusal, in each instance, appears to have been based upon the theory that such testimony was not a part of the res gestae.

Declarations made by the injured party some time after the offense are generally inadmissible because they are regarded as premeditated and not a part of the transaction. 18 Tex. Jur., Sec. 197, pp. 320-321.

The conclusion is expressed that the proffered testimony was inadmissible under the rule stated.

We are unable to agree that appellant has shown the exercise of sufficient diligence to ascertain the alleged newly discovered evidence which would warrant the granting of a new trial because of the absence of such evidence. Moreover, the claimed newly discovered evidence was only impeaching in character.

The other bills of exception appearing have been examined and are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.