## TOMMY WINDHAM V. STATE

No. 27,948. February 8, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) March 28, 1956.

*Scarborough, Yates, Scarborough & Black,* by *Max Chenoweth, Abilene,* for appellant.

*Tom Todd,* District Attorney, *Abilene,* and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for assault with intent to murder without malice; the punishment, confinement in the penitentiary for one year.

The state's evidence shows an assault made by the appellant with a knife upon the injured party, Raymond Goza, on the night of February 13, 1955. It is shown that on the night in question the injured party, in company with his girl friend, Beverly Paxton, had gone to a show and had returned to her home. As he was standing on the porch talking to her, the appellant, who had driven up in a car, came up on the porch behind Goza with a knife in his hand and told him he wanted to talk to him and to get in the car. Goza testified that, as he walked from the porch towards the car, the appellant followed behind him with a knife in his back; that when they had gotten about half-way to the car he turned around and tried to shove the appellant away, at which time the appellant cut his shirt and then cut his throat. He further testified that at the time he was not armed with a knife or any other weapon.

Immediately after being cut, Goza was carried to a hospital where he underwent surgery and remained in the hospital for five days.

Dr. Marshall Turnbull, one of the attending physicians, in describing Goza's condition, testified that he was bleeding and had a wound on the back of his neck a half inch in length; that the wound went through a portion of the thyroid gland, cut one side of the trachea, which is the windpipe, and went on behind; that the cut went through the sheath of the carotid artery, which furnishes the major portion of the blood to the brain. He further testified that the wound did not produce serious bodily injury but was such a wound as could definitely be calculated to produce serious bodily injury or death.

The knife in question was not introduced in evidence and under the appellant's testimony it was shown that he had lost the knife and that it was a knife about 3½ inches long.

The state's evidence further showed that prior to the date of the assault, the appellant had been having dates with Miss Paxton and that his association with her had culminated in her father, J. O. Paxton, securing a temporary restraining order in the 42nd Judicial District Court of Taylor County on February 11, 1955, restraining appellant from coming about him or his daughter, or coming about the Paxton residence in any manner.

It is further shown that the restraining order was in force and effect at the time of the assault in question.

Appellant, as a witness in his own behalf, testified that the reason he wanted to talk to the injured party was about him going with Miss Paxton, and denied that he had a knife in his hand when he approached the injured party on the porch or that he held a knife in the injured party's back as they walked towards the car. In giving his version of the transaction he testified that as they were walking away the injured party ran his hand in his pocket, jerked it out and hit him on the nose, knocking him to his knees, and as Goza started to hit him again he swung at Goza with his knife.

We shall first discuss the sufficiency of the evidence in the light of appellant's contention that it is insufficient to show an intent to kill because the knife was not shown to be a deadly weapon per se or that it was used in a manner calculated to produce death or serious bodily injury.

The specific intent to kill is an essential element of the offense of assault with intent to murder under Art. 1160, Vernon's Ann. P. C. Such intent may be inferred when the instrument used in the commission of the assault is a deadly weapon. If, however, the weapon is not deadly, the intent to kill on the part of the accused may be ascertained from the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon. See Branch's Ann. P. C., Sec. 1636; Amman v. State, 145 Tex. Cr. R. 134, 165 S. W. (2d) 744; Daugherty v. State, 153 Tex. Cr. R. 8, 216 S. W. (2d) 222; and Henry v. State, 157 Tex. Cr. R. 88, 246 S. W. (2d) 891.

We think the evidence is sufficient to show an intent to kill. Dr. Turnbull's testimony shows that the injury inflicted was of such a nature as could be calculated to produce serious bodily injury or death. Under his testimony it is shown that it was possible that death might have been inflicted by the knife used by the appellant in the manner in which he was shown to have used it.. The doctor's testimony and the other facts and circumstances were sufficient to warrant the jury's finding that appellant committed the assault with the specific intent to kill.

We have considered the cases relied upon by the appellant in

support of his contention and are of the opinion that they are not herein controlling. The injuries described in the cases cited are not shown to have been as serious and dangerous or in the same locality as the injury in the case at bar.

Appellant complains of the action of the court in overruling his motion for a change of venue in which he alleged the existence of so great a prejudice against him in Taylor County that he could not obtain a fair and impartial trial. The record presents the evidence adduced upon the hearing.

The motion was insufficient in that it was not supported by the affidavits of two compurgators as required by Article 562, V. A. C. C. P. Lacy v. State, 133 Tex. Cr. R. 363, 111 S. W. (2d) 264; and King v. State, 143 Tex. Cr. R. 27, 152 S. W. (2d) 342. Furthermore, the evidence on the issue was conflicting and it does not appear that the trial judge abused his discretion in refusing to change the venue. Where the evidence is conflicting a judgment denying a change of venue will not be disturbed on appeal unless it appear that the trial judge abused his discretion. Whiteside v. State, 115 Cr. R. 274, 29 S. W. (2d) 399; Brown v. State, 130 Tex. Cr. R. 323, 94 S. W. (2d) 455; Conn v. State, 143 Tex. Cr. R. 367, 158 S. W. (2d) 503; and Priest v. State, 284 S. W. (2d) 148.

Under the record, we perceive no error in the court's refusal to order a change of venue.

Appellant assigns as error in his brief the refusal of the court to charge the jury on the question of simple assault. An examination of the record does not reflect that appellant, either by objection or requested charge, complained of the court's charge in this respect. In the absence of such an objection or requested charge we are in no position to pass upon the court's failure to charge on simple assault. Outley v. State, page 314, this volume, 284 S. W. (2d) 356.

Appellant insists that the court violated the rule prohibiting proof of extraneous offenses and transactions in permitting the state, over his objection, to introduce in evidence the court's order restraining him from coming on the Paxton premises, which had been entered in the injunction proceeding instituted by Beverly Paxton's father against the appellant, and the order entered by agreement extending the restraining order in full force and effect.

Under the facts the court did not err in permitting the state to make the proof. Proof that the appellant was under a court order restraining him from going on the premises where he committed the assault was admissible to show the condition of his mind at the time, on the issue of his intent and the issue of malice.

Complaint is also made to certain questions propounded to the appellant on cross-examination by the state in which he was asked if he had not talked to other boys about going with his girl friend Beverly Paxton and told them he did not want them to go with her, and to stay away from her.

We think this was a proper inquiry by the state to show the appellant's intent and motive in going to the Paxton home on the night in question and committing the assault upon the injured party. However, the record shows that the court sustained appellant's objections to the questions propounded and instructed the jury not to consider the questions and negative answers thereto.

Finding the evidence sufficient to support the conviction and no reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.