## WILLIE LEE DAVIS V. STATE

No. 29,092. June 12, 1957.
Motion for Rehearing Overruled October 16, 1957.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) November 13, 1957.

*Carr & Clark* and *Burks & Brown* (on appeal only), Lubbock, for appellant.

*George E. Gilkerson,* District Attorney, *J. Collier Adams,* Assistant District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Under an indictment charging assault with intent to murder with malice, appellant was convicted of assault with intent to murder without malice and her punishment assessed at two years in the penitentiary.

The facts are well stated in a bill of exception, which the trial court approved without qualification. We adopt that as our statement of the case:

"Upon the trial the evidence was contradictory; the prosecution offering evidence that the defendant asaulted the prosecuting witness and cut her with a butcher knife, as a result of a fight eminating from the prosecuting witness' claim that the defendant had stolen some 'panties' off *of* a 'community clothesline.' The defendant and her witnesses claimed that the defendant was acting in self-defense, and, at the time of the difficulty, the prosecuting witness was armed with a knife. The state's evidence was that the assault occurred outside the defendant's apartment 'in the yard,' while the defendant and her witnesses insisted that it occurred inside the defendant's apartment."

Under those facts, the trial court charged upon self-defense from a deadly attack and, in connection therewith and as a limitation of that right of self-defense, the trial court charged on the law of provoking the difficulty.

In the concluding portion of that charge, the jury were instructed that if they found that appellant had provoked the difficulty "then you will find the defendant guilty of assault with intent to murder and assess her punishment as heretofore stated in this charge."

The sole and only objection to this charge was that it was "a comment on the weight of the evidence."

In her brief, appellant forcibly contends that the charge was error and that, instead of depriving her of her right of self-defense—as is the purpose of a charge on provoking the difficulty—it was an instruction to convict her of assault with intent to murder, without reference to a finding of the existence of guilt of the elements of that offense or the presumption of innocence.

It is not necessary to determine appellant's contention as to the charge, because the exception to the charge was not sufficient to call to the attention of the trial court the error claimed therein.

Art. 658, Vernon's C.C.P., requires that the exception to the charge must distinctly specify each ground of objection.

We cannot agree that the objection to the charge to the effect that it was upon the weight of the evidence covered the error now claimed in the charge.

Other matters presented in the brief have been considered and are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

ON MOTION FOR REHEARING

DICE, Judge.

Appellant urges fundamental error in Paragraph 15 of the court's charge wherein the issue of her guilt of murder without malice was submitted to the jury. In said paragraph the court

in substance instructed the jury that if they found and believed from the evidence beyond a reasonable doubt that the appellant, without malice aforethought, did assault the injured party with a knife with the intent to then and there kill her, then they would find her guilty of the offense of assault with intent to murder without malice aforethought.

Appellant insists that the court's instruction was fundamentally erroneous because it authorized the jury to convict her upon a mere finding that an assault was committed with a knife without finding that the weapon used was a deadly weapon or that serious bodily injury was inflicted.

With such contention we do not agree. Appellant overlooks the fact that under the court's instruction, the jury was required to find, before convicting her, not only that she committed the assault with the knife but also that she committed it with the intent to kill the injured party. The specific intent to kill was an essential element of the offense. Roming v. State, 154 Texas Cr. Rep. 605, 228 S.W. 2d 160 and Hunter v. State, 161 Texas Cr. Rep. 225, 275 S.W. 2d 803. Where the weapon used is not of itself deadly the intent to kill may be ascertained from surrounding circumstances. Henry v. State, 157 Texas Cr. Rep. 88, 246 S.W. 2d 891 and Windham v. State, 162 Texas Cr. Rep. 580, 288 S.W. 2d 90. The court's instruction requiring the jury to find that appellant not only made the assault upon the injured party but with the intent to kill her was a sufficient submission of the issue of her guilt to the jury. See 4 Branch's Ann. P.C., 2d Ed., Sec. 1844, page 187 and cases there cited.

It is observed that the judgment entered by the court adjudges the appellant guilty of the offense of murder without malice as found by the jury which follows the verdict shown in the record to have been returned by the jury; however, the verdict as copied in the judgment recites that the jury finds the appellant guilty as charged in the indictment. The judgment is reformed and corrected to recite that the verdict of the jury finds the appellant guilty of the offense of assault with intent to murder without malice.

The motion for rehearing is overruled.

Opinion approved by the Court.