CARLOS FLORES AND ALFREDO FLORES V. STATE.

No. 31,210. January 20, 1960.

630

L. G. Mathews, Brownsville, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This was a joint trial under joint indictment, charging two brothers with the offense of assault with intent to murder, with punishment assessed against Carlos Flores at two years' confinement in the penitentiary and that against Alfredo Flores at four years.

No complaint was made of the joint trial nor was any complaint registered to the fact that the evidence showed separate and disconnected assaults by the appellants upon the injured party.

The sufficiency of the evidence to support the conviction presents the sole question for review.

The incident occurred at a beer tavern. The injured party, Cantu, and the appellants were good friends to the extent, as Cantu said, that they would "play, cuss each other and never got mad until this night that they cut [him] and shot [him]."

It was the result of one of those friendly cursings that, according to Cantu's testimony, appellant Alfredo Flores cut him with a knife, which in the manner used, was a deadly weapon by which serious bodily injury was inflicted upon him (Cantu).

It was just after the cutting had ended that Carlos Flores appeared upon the scene and shot Cantu in the arm with a pistol.

The undisputed evidence is to the effect that Carlos Flores was neither present at the beginning of nor during the fight but happened to come up as it was being concluded.

There was no showing that Carlos Flores participated in the assault by Alfredo.

There was much defensive testimony showing that the injured party, Cantu, was the aggressor throughout the fight and had knocked Alfredo Flores down with his fist and that it was in self-defense from the actual attack and also in defense of his brother Alfredo that Carlos Flores shot Cantu.

These defensive issues were pertinently submitted by the trial court to the jury and were rejected by the jury.

Appellants very correctly call attention to the absence of any motive, or express intent on their part to kill the injured party. Also, appellants insist that there is an absence of sufficient evidence to show that the assault was with intent to kill.

We agree with the appellants that the facts were amply sufficient to justify or excuse the assault had the jury so desired. But the jury concluded to the contrary.

The issue for our determination is whether the state's evidence warranted the jury's conclusion.

The intentional shooting of another with a pistol is sufficient, in law, to authorize a jury to conclude that such shooting was with malice. Muckleroy v. State, 165 Texas Cr. Rep. 629, 310 S.W. 2d 315; Cheeks v. State, 157 Texas Cr. Rep. 184, 247 S.W. 2d 893.

In prosecutions for assault with intent to kill, the intent to kill may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon is not deadly, the intent to kill may be ascertained from and shown by the surrounding facts and circumstances. Henry v. State, 157 Texas Cr. Rep. 88, 246 S.W. 2d 891; Hunter v. State, 161 Texas Cr. Rep. 225, 275 S.W. 2d 803; Windham v. State, 162 Texas Cr. Rep. 620, 288 S.W. 2d 90.

In the light of the authorities, we are unable to agree that the jury were not authorized as a matter of law to reach the conclusion they did reach.

Accordingly, the judgment is affirmed.