**Gene Harold PETERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39357.

Court of Criminal Appeals of Texas.

March 9, 1966.

Henry V. Sanchez, Houston, for appellant.

Carol S. Vance, Dist. Atty., Ted Hirtz and Gerald Applewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is assault with intent to murder with malice; the punishment, five years in the penitentiary.

The only issue raised in appellant's brief before this court is whether or not the evidence is sufficient to support the jury's finding that the assault was committed with the intent to murder with malice.

Viewed in the manner most favorable to the state, the evidence reveals that appellant had been working for the Cooper Exterminating Company in Harris County for about three weeks prior to the date of the offense. His job consisted of soliciting business for the company, and he was compensated by receiving a percentage of the company's fee after the extermination work was completed.

On the afternoon of February 23, 1965, appellant entered the company office and was paid a commission by his employer, Willard Bell, the complaining witness, for an exterminating assignment which had been solicited by appellant. There followed a disagreement over salary, and appellant demanded to be paid in advance for other jobs he had solicited but which had not yet been completed. When Bell refused, appellant became angry and began cursing Bell, whereupon he was told that if he persisted in such conduct he would be fired. Appellant replied that if he were fired, that would be the biggest mistake Bell would ever make in his life. He then reached in his pocket, pulled out a pistol, and fired twice at Bell, one round grazing the victim's hair as he leaped up from his desk and ran toward the restroom. In response to the prosecutor's questions concerning what appellant said as he fired these shots, the complaining witness stated:

"He said I will *shot* you in the leg to show you how it hurts, and then in the body and heart."

Bell took refuge in the adjoining restroom and locked himself in. For approximately 45 minutes appellant refused to let the witness come out of the restroom, during which time he also refused to allow other personnel in the office to leave. At one point he

fired a third shot into the baseboard near the restroom door "to scare him." At other times when Bell started to come out of the restroom, appellant would point the pistol at him. When witness Martin Jeffers, a fellow employee, attempted to leave the office, appellant told him he would kill him if he did not come back. At another time a female employee asked if she could leave, and appellant replied that "nobody was leaving." To get appellant to go away, Bell testified, " * * * I gave him all the money I had in my billfold." The money, about $35, was passed under the restroom door to witness Jeffers, who handed it to appellant, who then left.

When appellant took the witness stand, his counsel developed the fact that he had been found to be a youthful offender by a New York court for a robbery committed in 1953, and the state elicited testimony on cross-examination to the effect that he had violated a subsequent parole. His contention that the assault was committed in self-defense was rejected by the jury, and no other testimony was elicited in his behalf.

Even without the surrounding facts, intent to kill may properly be inferred from the fact that appellant committed the assault with a deadly weapon. Hernandez v. State, Tex.Cr.App., 375 S.W.2d 285; Flores v. State, 169 Tex.Cr.R. 2, 331 S.W.2d 219. That appellant acted with malice could certainly be concluded from his statements during the incident, from the long period of time during which he continued to threaten and shoot at the complaining witness, and from his threatening manner toward the other employees. We find the evidence sufficient to sustain the conviction.

There are no formal bills of exception, and we find no error presented in appellant's informal bills.

The judgment is affirmed.