**Willie Eugene CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40040.**

Court of Criminal Appeals of Texas.

Feb. 1, 1967.

Rehearing Denied March 22, 1967.

Fred D. Moore, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Stauffer, John C. Vance and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is assault with intent to murder; the punishment, 25 years.

The indictment, returned January 31, 1966, alleged that the assault was made upon Velma Pauline McLemore on or about November 16, 1965. A prior conviction for a like offense was alleged for enhancement of punishment purposes.

Trial was before a jury. Having been found guilty of the primary offense, appellant requested that the punishment be assessed by the jury. Further evidence having been heard, the jury found the allegations as to the prior conviction were true and assessed the maximum punishment. (Art. 62 Vernon's Ann.P.C.)

Appellant's amended motion for new trial was overruled on May 6, 1966. Sentence was pronounced and notice of appeal was given on the same day.

A transcript of the evidence furnished appellant was approved by counsel and by the court on August 5, 1966.

Appellant has requested in writing that the appeal brief filed in the trial court by his trial counsel be "cancelled out" and returned to him, stating: "this attorney has been fired from my case several months ago."

Without counsel's brief which assigned the errors relied upon, and upon which said

counsel presented oral argument, there would be nothing for this Court to review.

The points relied upon in said brief will be considered.

■ Appellant's first point of error deals with several sidebar remarks made by the prosecutor which appellant says were so prejudicial, improper and inflammatory that they were not subject to correction, though the objections to these remarks were sustained by the court.

Assuming that the remarks were prejudicial to appellant, it was incumbent upon appellant to move for a mistrial in order for him to complain on appeal. Purifoy v. State, 163 Tex.Cr.R. 488, 293 S.W.2d 663.

■ Appellant's second point of error is that the complainant was allowed, during direct examination of her by the state, to exhibit the scars and wounds received by her as a result of appellant's actions against her. It is not reversible error to permit the injured party to exhibit resulting scars where it is not shown that the scars were so revolting in appearance as to inflame the minds of the jurors. McMurrey v. State, 145 Tex.Cr.R. 439, 168 S.W.2d 858.

■ Appellant complains of testimony concerning statements made by him and the complainant to a policeman at the scene of a prior arrest of appellant.

Sergeant Bellamy, of the Cockrell Hill Police Department, testified that in 1962 he stopped appellant for running a red light and the complainant was in the same car. While the officer was talking with appellant the complainant indicated by gestures that something was wrong. The officer had appellant get out of the car, and then asked the complainant what was wrong. The complainant, within the hearing of appellant, told the officer that appellant had put a knife to her throat and threatened to kill her. He had told her that he was taking her to a graveyard to kill her. The officer told appellant he was going to put him in jail. Appellant responded that it would do no good because when he got out of jail he would go back to the complainant's house and finish the job that he had started.

■ This testimony was admissible with regard to the contested issue of whether there was intent on the part of appellant to kill the complainant. Jones v. State, 156 Tex.Cr.R. 475, 243 S.W.2d 848. Also the prior relationship between the accused and the assaulted party is ordinarily pertinent and admissible. Bruno v. State, 163 Tex. Cr.R. 540, 295 S.W.2d 211.

■ Appellant's next point relates to the cross-examination of appellant in regard to prior misdemeanor offenses.

The evidence shows that Velma Pauline McLemore was formerly the wife of appellant. He was interrogated on cross-examination and admitted having been convicted for assault with intent to murder her on a prior occasion. He was also asked regarding a conviction for an aggravated assault upon Velma Pauline McLemore during the time they were married and another conviction for aggravated assault upon her at a time when they were not husband and wife. The only objection offered related to the conviction on January 2, 1964, at which time the injured party was the wife of the appellant. We see no error. Dempsey v. State, 159 Tex.Cr.R. 602, 266 S.W.2d 875, 877.

■ The remaining point of error is that the state failed to prove the essential element of intent to kill.

The evidence introduced by the state includes the following testimony:

On the afternoon of November 16, 1965, appellant called the complainant, Mrs. Pauline McLemore, and told her that he was going to kill her. Forty minues later, while the complainant was in the kitchen of her home, she heard someone enter the front door of her house. She walked to the door between the kitchen and the living room and saw appellant standing approximately ten feet away, pointing a shotgun at her. Ap-

pellant at that time told her he was going to blow her head off, and she turned and ran out the back door of the house into the back yard and behind a bush. Appellant followed her into the yard and came to the other side of the bush, approximately two yards from complainant, and fired the gun at her, hitting her in the leg.

The complainant then ran and climbed over a fence, and appellant shot her again as she was climbing, hitting her in the hip. He fired one more shot, but it is unclear from the record whether this shot hit her. The complainant then crawled behind a cement porch in front of her neighbor's house. Appellant did not follow her but went back into the complainant's house.

The evidence is sufficient to sustain the jury's verdict. Flores v. State, 168 Tex.Cr. R. 629, 331 S.W.2d 219; Thornton v. State, 145 Tex.Cr.R. 490, 169 S.W.2d 177; Tapley v. State, 158 Tex.Cr.R. 495, 256 S.W.2d 583, 586; Kincaid v. State, 150 Tex.Cr.R. 45, 198 S.W.2d 899; Cheeks v. State, 157 Tex.Cr.R. 184, 247 S.W.2d 893.

The judgment is affirmed.