Richard VALLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 41958.

Court of Criminal Appeals of Texas.

March 19, 1969.

L. Holt Magee, Monahans, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder with malice; the punishment, assessed by the jury, 25 years in the Texas Department of Corrections.

In his sole ground of error appellant contends the evidence is insufficient to sustain the conviction.

Raymundo Sanchez, owner of the Sanchez Recreation Club in Monahans, Ward County, Texas, testified that on the afternoon of April 1, 1967, he was present in his place of business when the deceased, Johnny White, an employee, was shot. He related that at the time he, Jesus Tarin, the appellant Valle and White were the only ones present though two men were in the next room playing pool.

He testified that while shining his shoes he heard the appellant Valle ask the deceased White several times for a bottle of beer and White, who was mentally retarded and somewhat childish, playfully and repeatedly refused; that upon hearing a shot he looked up to see White falling and the appellant with a pistol in his hand; that he left to call the police and when he returned in approximately ten minutes the appellant had departed.

Jesus Tarin generally corroborated Sanchez's testimony except that he did not see a gun. Medical testimony showed that White's death resulted from a bullet wound to the brain.

A stipulation entered reflects that after waiver of extradition the appellant was returned from the State of California to which he had fled.

The appellant did not testify or offer any evidence.

The court charged the jury on murder with malice and aggravated assault and submitted the defense of accident.

Appellant's claim of the insufficiency of the evidence is apparently based on the fact that the witnesses Sanchez and Tarin indicated that there was no argument prior to the shooting; that appellant and the deceased had been friends for years and often joked with each other; that appellant did not appear to be angry when he requested a beer.

Article 45, Vernon's Ann.P.C., provides: "The intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act."

A pistol is a "deadly weapon" per se and, when used to shoot another in the head, the law presumes an intent to kill. Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322; Baylor v. State, 151 Tex.Cr. R. 365, 208 S.W.2d 558. Further, malice can be inferred from the use of a deadly weapon. Rodriquez v. State, Tex.Cr.App., 375 S.W.2d 289.

The evidence in this case showed the use of a deadly weapon per se by the appellant and the infliction of a gunshot wound to the temple of the victim. We conclude the evidence is sufficient to sustain the jury's verdict that the shooting was actuated by malice. Flores v. State, 168 Tex.Cr.R. 629, 331 S.W.2d 219; Muckleroy v. State, 165 Tex.Cr.R. 629, 310 S. W.2d 315.

The judgment is affirmed.