OTHO PLEASANT V. THE STATE.

No. 21221.  Delivered November 13, 1940.

The opinion states the case.

*L. D. Griffin,* of Alice, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to murder; the punishment, confinement in the penitentiary for three years.

Appellant challenges the sufficiency of the evidence. Devore Johnson and her husband were in a beer tavern in Alice on the 25th of June, 1938. Appellant entered the tavern and an altercation ensued when, according to the testimony of Devore Johnson, appellant attempted to hug her. The proprietor of the tavern required the parties to leave his place of business. According to the testimony of Devore Johnson, after they left the tavern appellant attacked her and cut her several times with a knife. Touching the size of the knife, she testified as follows: "It was a large knife he had; I don't know what kind it was. I couldn't swear that it was one of these East Dallas Specials. It was a large one. I didn't see but one blade. As to whether it apparently seemed to be as big as my little finger, it was a large blade." The witness testified further that she was cut pretty badly but went to work the next day. She was attended by a physician who treated her wounds for about ten days.

The attending physician testified that if the injured party had not been treated for the wounds she could have died. On re-cross-examination he said: "She could have an infection at such time, but ordinarily those wounds wouldn't cause death." Again, on re-direct-examination he testified: "I do not think she would have bled to death if I hadn't stopped the bleeding. After she had bled enough the bleeding would have stopped." He described several wounds on the body of the injured party. He said the worst one was approximately three-quarters of an inch or an inch in depth.

The State introduced a witness who described the knife appellant used as follows: "I saw Boote (appellant) with a small knife; it had a blade about as long as my little finger. It was a small pocket knife that I see in his hand inside. I couldn't see the handle on it." No witness testified that the knife in question was capable of producing death or serious bodily injury.

We think, under the holding of this court in Hunt v. State, 250 S. W. 168, and Fregia v. State, 185 S. W. 11, that appellant's contention that the evidence is insufficient to support a conviction for an assault with intent to murder should be sustained. In Fregia's Case we quote from Section 517, Branch's

Criminal Law, as follows: "If weapon is not shown to be deadly or wounds serious, it is not assault to murder, though defendant said he intended to kill; the desire to kill is not proof, that weapon was deadly."

We take the following quotation from Jones v. State, 28 S. W. (2d) 146: "Appellant was charged in proper form with assault to murder Daisy Newman. The facts show that on the night in question there was a fight between the two women, and that appellant used some sharp instrument and inflicted a wound upon Daisy Newman, bringing blood. The record does not contain any testimony shedding light upon the size, kind, or character of the sharp instrument used by appellant, nor is there any testimony that the wounds inflicted upon Daisy Newman were serious, or that they amounted to serious bodily injury. She was taken to a hospital and given treatment, but came back downtown the same night and was at her work the next day. The learned trial judge declined to charge the law of simple assault. The State's Attorney with this court in his brief admits that the evidence is insufficient to justify a conviction for assault with intent to murder. We are inclined to agree with him. We think the court should have charged on simple assault under the facts."

See also Sofge v. State, 111 S. W. (2d) 720.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.