## ROMING v. STATE.
### No. 24727.

Court of Criminal Appeals of Texas.
May 17, 1950.

## HUNDLEY v. STATE.
### No. 24751.

Court of Criminal Appeals of Texas.
May 3, 1950.

H. S. Beard, Waco, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant has filed additional argument, in his motion for rehearing, on the question of the sufficiency of the evidence. Apparently he is encouraged by the statement in the original opinion that the case is not free from difficulties. This statement is correct and at the same time we do not think there is doubt as to the correctness of the conclusion reached.

When the nature of the instrument is not shown we frequently find some difficult question. Among the cases relied on by appellant for reversal are Dodd v. State, 134 Tex.Cr.R. 26, 113 S.W.2d 540; Pleasant v. State, 140 Tex.Cr.R. 267, 144 S.W.2d 545; and Ammann v. State, 174 Tex.Cr.R. 34, 165 S.W.2d 744.

In Dodd v. State, supra, a reversal was had because there was no evidence showing the nature of the instrument used, as limited by the court's charge. The prosecuting witness sustained no injuries of any character. Consequently, there was no basis for a conclusion on the two elements essential in a prosecution for assault to murder.

In Pleasant v. State, supra, we find a similar situation to that in the Dodd case. There is no evidence of the seriousness of the wound and none as to the size of the knife involved. Even though the defendant had expressed an intention to kill, it was there held that a threat did not, under the circumstances, supply the elements necessary to be found by the jury to support a conviction for assault to murder.

In Ammann v. State, supra, it was held that because the weapon used in committing the assault was not shown to be deadly and the wound not shown to be serious, a conviction for assault to murder could not stand, though the accused had made a threat to kill.

The evidence quoted in the original opinion distinguishes the instant case from the three cases herein discussed, and all others relied upon by appellant. The testimony of the attending physician in this case is amply sufficient to support the finding of the jury. The seriousness of the wound supports the further finding that the instrument used was sufficient to produce death and, thereby, supports the jury's finding on the question of intention under all of the circumstances of this case. It is not necessary to restate the evidence.

The motion for rehearing is overruled.