Joseph Mark WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52617.

Court of Criminal Appeals of Texas.

Nov. 24, 1976.

Rehearing Denied Dec. 15, 1976.

Calvin A. Hartmann, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Ned B. Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. Punishment was assessed by the jury at ten years.

Helen Ortega, night manager of the Seven-Eleven store on Bauman Street in Houston, was coming out of the back room of the store on October 3, 1974, when she was "caught by surprise" by "two white males." Ortega identified appellant as the one who "pulls out his gun and points at me" and "tells me to open the cash register." Ortega, who was pregnant at the time, testified that she was in fear of death or serious bodily injury. After she opened the cash register, appellant "leans over and grabs the money." Officer Wendt was on patrol in front of the store with his partner when he observed two men "standing excessively close and hunkered over the counter" and the proprietor of the store was standing with her hands in a "very unusual" position. The patrol car was turned around and Wendt saw appellant and the other man, identified as appellant's brother Bruce, "run out of the store" and go in separate directions. As appellant was running, he threw a gun into the grass which was retrieved and found to contain no firing pin or clip. Appellant reached a car on Soren Street and the car had started moving before the officer stopped it and appellant was arrested. Appellant was returned to the store, where he was identified by Ortega. A rifle was found in the car with "six live rounds in the magazine of it."

Appellant contends that the court erred in denying him his constitutional right to representation by counsel.

■ Complaint is directed to the State calling appellant's counsel to the stand to testify to the effect that the State's offense report had been shown to counsel.

The State responds that appellant's question to one of the officers relative to the offense report left the impression with the jury that appellant's counsel had not seen the offense report and that the reason for calling counsel to the stand was to negate such impression.

The record merely reflects that there was a conference at the bench after appellant's counsel was called to the stand by the State. The record reflects that the following occurred:

"The Court: . . . I will permit the State to call you for one issue only which was discussed at the bench and that is relative to the offense report only and you may make any objections you like later on as you make your bill but you will take the stand.

"Mr. McCullouch [appellant's counsel]: I take it the Court has overruled my objection to testify."

On appeal, appellant urges that the State, by calling his counsel as a witness, denied him the constitutional right to representation by counsel and "was striking over the shoulders of his counsel in an endeavor to inflame the minds of the jury to appellant's prejudice."

The record fails to reflect that the complaints voiced on appeal were ever made in the trial court. In fact, the basis of appellant's objection in the trial court, if any, does not appear in the record. For error to be preserved for appellate review, this Court has repeatedly held that the grounds of error in one's appellate brief must com-

port to the objections made by counsel at trial. *Sloan v. State,* Tex.Cr.App., 515 S.W.2d 913; *Campbell v. State,* Tex.Cr. App., 492 S.W.2d 956; *Gondek v. State,* Tex.Cr.App., 491 S.W.2d 676; *Rawlinson v. State,* Tex.Cr.App., 487 S.W.2d 341.

■ Appellant contends that the court erred in failing to sustain his challenge of a prospective juror for cause.

Appellant recognizes the rule that, absent evidence that a defendant was forced to accept an objectionable juror or that he exhausted his peremptory challenges, he cannot be heard to complain of the court's action in overruling his challenge for cause. *Adami v. State,* Tex.Cr.App., 524 S.W.2d 693; *Williams v. State,* Tex.Cr.App., 481 S.W.2d 119; *Ward v. State,* Tex.Cr.App., 505 S.W.2d 832. He concedes that no such showing is made in the instant case, but urges that the burden should not be on a defendant to show that he was forced to accept an objectionable juror or that he made any request for additional peremptory challenges where he has exhausted his peremptory challenges. Appellant cites no authority to support this position and we find none. No error is shown.

■ Appellant contends that the court erred in failing to grant his motion for new trial "because the trial court had abused its discretion in denying appellant's motion for continuance."

Appellant's motion for continuance, filed during the course of the trial, was to secure a witness named Gonzales, who "has information which contradicts that of the State's witnesses . . . ." No affidavit of the witness was attached to the motion for new trial, nor is there a showing under oath from any source that the witness would actually testify to the facts set out in the motion for new trial. *Lapp v. State,* Tex. Cr.App., 519 S.W.2d 443; *Fields v. State,* Tex.Cr.App., 495 S.W.2d 926; *Harris v. State,* Tex.Cr.App., 450 S.W.2d 629. No error is shown.

Appellant contends that the evidence was insufficient to sustain the conviction "be-cause the evidence was insufficient to prove appellant used a 'deadly weapon.' "

Appellant points to the testimony of Officer Wendt that the gun thrown down by appellant as he left the scene of the robbery did not have a firing pin or clip when it was recovered, and urges that it was not a deadly weapon under V.T.C.A. Penal Code, Sec. 1.07.

V.T.C.A. Penal Code, Sec. 29.03, "Aggravated Robbery," provides in pertinent part:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon."

V.T.C.A. Penal Code, Sec. 1.07(a)(11), defines deadly weapon:

"(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

Appellant urges that our recent opinion of *Mosley v. State,* Tex.Cr.App., 144 S.W. 2d 545 (1976), supports his contention. In *Mosley,* the defendant used an unloaded air pistol which was only capable of expelling a projectile about five feet which could not penetrate the skin, it was never pointed toward the face of the victim, and the defendant never used or threatened to use it as a bludgeon. After noting that the State's expert witness testified that the air pistol was not a firearm, this Court concluded that the gun was not a deadly weapon. On the basis of the evidence, it was found that the weapon was not designed, made or adapted for the purpose of inflicting death or serious bodily injury and that the air pistol, as used, was not calculated to produce death or bodily injury.

■ Unlike the air gun in *Mosley,* we find that the forty-five automatic pistol used in the instant case was "manifestly designed, made . . . for the purpose of inflicting death or serious bodily injury."

There is no evidence in the record to suggest a contrary view.

"Manifest" is defined in Black's Law Dictionary, 4th Ed. (1968):

"Evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident. *London Guarantee & Accident Co. v. Coffeen*, 96 Colo. 375, 42 P.2d 998, 1001."

We find that the forty-five automatic, even though missing a firing pin and without a clip *when found* (following the robbery), was *manifestly designed* and *made* for the *purpose of inflicting death* or *serious bodily injury* and that this fact was evident to the senses and understanding of the victim. We conclude that the evidence was sufficient to prove that appellant used a "deadly weapon."

Further, in *Mosley*, it was undisputed that the weapon was not a "firearm."[1] V.T.C.A. Penal Code, Sec. 46.01, provides in pertinent part:

"In this chapter:

\*    \*    \*    \*    \*    \*

"(3) 'Firearm' means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.   .   .   ."

While it appears that the definition of firearm is designed for Chapter 46, "Weapons," in Title 10, "Offenses Against Public Health, Safety, and Morals," we find that the definition furnishes guidance in determining whether the weapon in the instant case is a "firearm." It should be borne in mind that the clip and firing pin were missing when the gun was recovered by the officer and that there is no testimony that the weapon was in such condition when the robbery occurred. However, assuming, arguendo, that the clip and pin were missing

at the time of the robbery, we find the forty-five automatic pistol to be a "firearm."

 Appellant contends that the evidence was insufficient because the victim did not testify that the money was taken without her consent.

We conclude that the testimony of store manager Ortega that appellant pointed a gun toward her, told her to open the cash register, and that she opened same because she was in fear of death or serious bodily injury sufficiently proves that the money was taken without her consent. See *Reese v. State*, Tex.Cr.App., 531 S.W.2d 638.

The judgment is affirmed.

Opinion approved by the Court.

---

1. In *Mosley* it was shown that the air gun was spring activated rather than "adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.   .   .   ."