Steven Michael Elliott v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-073-CR

Â Â Â Â Â STEVEN MICHAEL ELLIOTT,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27057
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Steven Michael Elliott pleaded guilty to aggravated assault. Pursuant to a plea bargain, the
court sentenced him to twenty yearsâ imprisonment. The court imposed sentence on July 14,
1999. Elliott filed a pro se notice of appeal on August 19, 1999.
Â Â Â Â Â Â The clerkâs record reflects that Elliott did not file a motion for new trial. Thus, he filed his
notice of appeal six days late. See Tex. R. App. P. 26.2(a)(1); State v. Riewe, 13 S.W.3d 408,
410 (Tex. Crim. App. 2000); Fowler v. State, 16 S.W.3d 426, 428 (Tex. App.âWaco 2000, pet.
refâd). Because Elliott did not timely file a notice of appeal, we dismiss the appeal for want of
jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed for want of jurisdiction
Opinion delivered and filed May 21, 2003
Do not publish
[CR25]



%2fcite%3e&_butType=4&_butStat=0&_butNum=101&_butInline=1&_butinfo=TEX.%20R.%20APP.%20P.%2038.9&_fmtstr=FULL&docnum=12&_startdoc=1&wchp=dGLzVtb-zSkAb&_md5=15bcf669f9ab87caaa97793545b18b62">Tex. R.
App. P. 38.9.


To prove ineffective assistance, an
appellant must show that: (1) counsels performance was deficient; and (2) the
defense was prejudiced by counselÂs deficient performance.Â  See Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d
674 (1984); see also
Wiggins
v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d
471 (2003).Â  The record
is silent as to any reasons explaining trial counselÂs actions and we will not
so speculate.Â  See Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).Â  Absent a record revealing trial
counselÂs strategy or motivation, Grim cannot defeat the strong presumption
that trial counselÂs actions fell within the wide range of reasonable
professional assistance.Â  Id.Â  An ineffective assistance claim is better
raised through an application for a writ of habeas corpus.Â  See Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).Â  We overrule issue one.Â Â Â  

LEGAL AND FACTUAL SUFFICIENCY

Â Â Â Â Â Â Â Â Â Â Â  In issues two and three,
Grim challenges the legal and factual sufficiency of the evidence to support
the juryÂs deadly weapon finding.Â  

The indictment alleges that Grim Âuse[d]
or exhibit[ed] a deadly weapon, to-wit: a firearm.ÂÂ  The handgun admitted into
evidence was found in the home of Arthur Romero, where Grim lived.Â  Romero
testified that he received the handgun as a gift, that it had no clip or
ammunition, that it was broken, and that it had never been fired.Â  Officer John
Leach testified that the handgun was a small black .25 caliber semi-automatic
weapon that was neither operable nor had a clip.Â  The handgun matched the
victimÂs description of the weapon used during the robbery.Â Â Â  Â Â 

A deadly weapon constitutes: (1) a
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or (2) Âanything that in the
manner of its use or intended use is capable of causing death or serious bodily
injury.ÂÂ  Tex. Pen. Code
Ann. Â§ 1.07 (17)(A)-(B)Â (Vernon
Supp. 2009).Â  Grim
contends that RomeroÂs handgun satisfies neither definition because the State
failed to present evidence that it has the characteristics or capabilities of a
firearm.Â  

A firearm is a deadly weapon per se. Â Ex parte Huskins, 176 S.W.3d 818,
820 (Tex. Crim. App. 2005).Â Â The
State is required to prove only the use of a deadly weapon; if its proof shows
a firearm, it need not prove that it was operable.Â  Wright v. State, 582 S.W.2d 845, 847 (Tex. Crim. App.
1979);Â Â see Walker v. State, 543 S.W.2d 634, 637 (Tex.
Crim. App. 1976) (Finding a .45
automatic pistol to be a Âfirearm,Â even assuming that the weaponÂs clip and
firing pin were missing at the time of the robbery).Â  

Romero testified that the handgun is a
real firearm and, even if broken, could be used to threaten bodily injury or
death.Â  The victim testified that he felt ÂscaredÂ when he saw the handgun and
thought he might be hurt or killed.Â  The evidence in the record establishes
that the handgun used during the robbery, even though inoperable, was a firearm
Âmanifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury.Â Â Tex. Pen. Code Ann. Â§ 1.07 (17)(A); see Walker, 543 S.W.2d at 637 (Forty-five automatic, even without
a firing pin and clip, Âwas manifestly designed and made for the purpose
of inflicting death or serious bodily injury and [] this fact was
evident to the senses and understanding of the victim.Â); see also Aikens v. State,
790 S.W.2d 66, 67-68 (Tex. App.ÂHouston [14th Dist.] 1990, no pet.).Â  The
evidence is legally and factually sufficient to support the juryÂs deadly
weapon finding.Â  See Curry
v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000); see also Jackson
v. Virginia, 443
U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000). We
overrule issues two and three.Â  Â Â Â 

JURY INSTRUCTION

Â Â Â Â Â Â Â Â Â Â Â  In issue four, Grim argues
that the trial court instructed the jury on a different manner of committing
aggravated assault than that alleged in the indictment.

Â Â Â Â Â Â Â Â Â Â Â  The indictment alleges that
Grim committed the offense of aggravated assault by Âintentionally or knowingly
threaten[ing] or plac[ing] [the victim] in fear of imminent bodily injury or
death.ÂÂ  In its charge, the trial court included the following definition: ÂA
person commits the offense of robbery if, in the course of committing theft and
with intent to obtain and maintain control of property of another, he
intentionally or knowingly causes bodily injury to another.ÂÂ  Grim did not
object to the charge.Â  On appeal, he contends that the definition of ÂrobberyÂ
misled the jury because: (1) it includes the lesser mental state of
recklessness;[1]
and (2) the jury could have believed that it was proper to convict him on a
theory not alleged in the indictment.[2]Â 


When, as here, an appellant fails to
object to the charge at trial, he must show egregious harm to prevail on appeal. Â See
Ngo v. State, 175 S.W.3d 738, 743-44 (Tex.
Crim. App. 2005); see also Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985). Â ÂErrors that result in egregious harm are those that affect
Âthe very basis of the case,Â Âdeprive the defendant of a valuable right,Â or Âvitally
affect a defensive theory.ÂÂ Â Ngo, 175 S.W.3d at 743
(quoting Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim.
App. 1996)). To determine whether Âerror was so egregious that a
defendant was denied a fair and impartial trial,Â we examine: (1) the entire
jury charge; (2) the state of the evidence; (3) the arguments of counsel; and
(4) any other relevant information in the record.Â Â Id. at 750 n.48; Almanza, 686 S.W.2d at 171.

Throughout trial and closing arguments,
neither the State nor the defense suggested that bodily injury had been
intentionally or knowingly caused.Â  Rather, the evidence showed that the
firearm was aimed at the victim, placing him in fear of imminent bodily injury
or death.Â  Most importantly, the trial courtÂs application paragraph properly
instructed the jury that, to find Grim guilty of aggravated robbery, they must
conclude beyond a reasonable doubt that he Âintentionally or knowingly
threaten[ed] or place[d] [the victim] in fear of imminent bodily injury or
death.ÂÂ  The application paragraph for the lesser included offense of robbery
also tracked this language.Â  There is no indication in the record that the jury
failed to follow the trial courtÂs application paragraph.Â  Grim cannot
establish egregious harm resulting from the erroneous definition of robbery.Â  See
Medina v. State, 7 S.W.3d 633, 640 (Tex. Crim. App.
1999) (ÂWhere the
application paragraph correctly instructs the jury, an error in the abstract
instruction is not egregious.Â);
see also Williams v. State, 226 S.W.3d 611, 618 (Tex. App.ÂHouston [1st Dist.] 2007, no
pet.)
(ÂAppellant does not direct
us to any evidence that the jury did not follow the instructions in the
application paragraph, and our review of the record reveals none.Â).Â  We overrule issue four.

Having overruled GrimÂs four issues, we
affirm the judgment.Â  

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed March 24, 2010

Do not publish

[CRPM]

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â A person
commits robbery if, in the course of committing theft and with intent to obtain
or maintain control of the property, he: (1)Â intentionally, knowingly, or recklessly
causes bodily injury to another; or (2)Â intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death.Â  Tex.
Pen. Code Ann. Â§ 29.02(a)Â (Vernon 2003)Â (emphasis added).

Â 





[2] Â Â Â Â Â Â Â Â Â Â Â Â Â  Grim bases his second
argument on testimony that, at one point during the robbery, Grim grabbed the
victim around the neck, which could lead the jury to conclude that the victim
suffered bodily injury.