

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00048-CR

**ROBERT GRIM,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 54th District Court
McLennan County, Texas
Trial Court No. 2008-1232-C2

## MEMORANDUM OPINION

A jury convicted Robert Grim of aggravated robbery and sentenced him to thirty years in prison. On appeal, Grim challenges: (1) the denial of his motion to suppress; (2) the legal and factual sufficiency of the evidence to support the jury's deadly weapon finding; and (3) the definition of "robbery" in the trial court's jury charge. We affirm.

### MOTION TO SUPPRESS

In issue one, Grim challenges the trial court's denial of his motion to suppress the victim's in-court identification, arguing that an illegal seizure occurred. At trial, Grim

moved to exclude the identification as impermissibly suggestive and did not challenge the legality of the seizure. Thus, the State contends that the argument presented on appeal is not preserved and should have been pursued via an ineffective assistance claim. In his reply brief, Grim agrees with the State and asserts that trial counsel was ineffective for failing to challenge the legality of the seizure at trial. He urges us to accept his ineffective assistance claim as an amendment to his brief. *See* TEX. R. APP. P. 38.7. We will do so. *See Houston v. State*, 286 S.W.3d 604, 612 (Tex. App.—Beaumont 2009, pet. ref'd); *see also* TEX. R. APP. P. 38.9.

To prove ineffective assistance, an appellant must show that: (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003). The record is silent as to any reasons explaining trial counsel's actions and we will not so speculate. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Absent a record revealing trial counsel's strategy or motivation, Grim cannot defeat the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance. *Id*. An ineffective assistance claim is better raised through an application for a writ of habeas corpus. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). We overrule issue one.

## LEGAL AND FACTUAL SUFFICIENCY

In issues two and three, Grim challenges the legal and factual sufficiency of the evidence to support the jury's deadly weapon finding.

The indictment alleges that Grim "use[d] or exhibit[ed] a deadly weapon, to-wit: a firearm." The handgun admitted into evidence was found in the home of Arthur Romero, where Grim lived. Romero testified that he received the handgun as a gift, that it had no clip or ammunition, that it was broken, and that it had never been fired. Officer John Leach testified that the handgun was a small black .25 caliber semi-automatic weapon that was neither operable nor had a clip. The handgun matched the victim's description of the weapon used during the robbery.

A deadly weapon constitutes: (1) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (2) "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PEN. CODE ANN. § 1.07 (17)(A)-(B) (Vernon Supp. 2009). Grim contends that Romero's handgun satisfies neither definition because the State failed to present evidence that it has the characteristics or capabilities of a firearm.

A firearm is a deadly weapon *per se*. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). The State is required to prove only the use of a deadly weapon; if its proof shows a firearm, it need not prove that it was operable. *Wright v. State*, 582 S.W.2d 845, 847 (Tex. Crim. App. 1979); *see Walker v. State*, 543 S.W.2d 634, 637 (Tex. Crim. App. 1976) (Finding a .45 automatic pistol to be a "firearm," even assuming that the weapon's clip and firing pin were missing at the time of the robbery).

Romero testified that the handgun is a real firearm and, even if broken, could be used to threaten bodily injury or death. The victim testified that he felt "scared" when he saw the handgun and thought he might be hurt or killed. The evidence in the record

establishes that the handgun used during the robbery, even though inoperable, was a firearm "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." TEX. PEN. CODE ANN. § 1.07 (17)(A); *see Walker*, 543 S.W.2d at 637 (Forty-five automatic, even without a firing pin and clip, "was *manifestly designed* and *made* for the *purpose of inflicting death* or *serious bodily injury* and [] this fact was evident to the senses and understanding of the victim."); *see also Aikens v. State*, 790 S.W.2d 66, 67-68 (Tex. App.—Houston [14th Dist.] 1990, no pet.). The evidence is legally and factually sufficient to support the jury's deadly weapon finding. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We overrule issues two and three.

## JURY INSTRUCTION

In issue four, Grim argues that the trial court instructed the jury on a different manner of committing aggravated assault than that alleged in the indictment.

The indictment alleges that Grim committed the offense of aggravated assault by "intentionally or knowingly threaten[ing] or plac[ing] [the victim] in fear of imminent bodily injury or death." In its charge, the trial court included the following definition: "A person commits the offense of robbery if, in the course of committing theft and with intent to obtain and maintain control of property of another, he intentionally or knowingly causes bodily injury to another." Grim did not object to the charge. On appeal, he contends that the definition of "robbery" misled the jury because: (1) it

includes the lesser mental state of recklessness;[1] and (2) the jury could have believed that it was proper to convict him on a theory not alleged in the indictment.[2]

When, as here, an appellant fails to object to the charge at trial, he must show egregious harm to prevail on appeal. *See Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo*, 175 S.W.3d at 743 (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)). To determine whether "error was so egregious that a defendant was denied a fair and impartial trial," we examine: (1) the entire jury charge; (2) the state of the evidence; (3) the arguments of counsel; and (4) any other relevant information in the record." *Id*. at 750 n.48; *Almanza*, 686 S.W.2d at 171.

Throughout trial and closing arguments, neither the State nor the defense suggested that bodily injury had been intentionally or knowingly caused. Rather, the evidence showed that the firearm was aimed at the victim, placing him in fear of imminent bodily injury or death. Most importantly, the trial court's application paragraph properly instructed the jury that, to find Grim guilty of aggravated robbery, they must conclude beyond a reasonable doubt that he "intentionally or knowingly

---

[1] A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or *recklessly* causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PEN. CODE ANN. § 29.02(a) (Vernon 2003) (emphasis added).

[2] Grim bases his second argument on testimony that, at one point during the robbery, Grim grabbed the victim around the neck, which could lead the jury to conclude that the victim suffered bodily injury.

threaten[ed] or place[d] [the victim] in fear of imminent bodily injury or death." The application paragraph for the lesser included offense of robbery also tracked this language. There is no indication in the record that the jury failed to follow the trial court's application paragraph. Grim cannot establish egregious harm resulting from the erroneous definition of robbery. *See Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) ("Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious."); *see also Williams v. State*, 226 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("Appellant does not direct us to any evidence that the jury did not follow the instructions in the application paragraph, and our review of the record reveals none."). We overrule issue four.

Having overruled Grim's four issues, we affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed March 24, 2010
Do not publish
[CRPM]