IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00048-CR

 

Robert Grim,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2008-1232-C2

 



MEMORANDUM  Opinion



 








            A jury convicted Robert Grim
of aggravated robbery and sentenced him to thirty years in prison.  On appeal,
Grim challenges: (1) the denial of his motion to suppress; (2) the legal and
factual sufficiency of the evidence to support the jury’s deadly weapon
finding; and (3) the definition of “robbery” in the trial court’s jury charge. 
We affirm. 

MOTION TO SUPPRESS

            In issue one, Grim
challenges the trial court’s denial of his motion to suppress the victim’s
in-court identification, arguing that an illegal seizure occurred.  At trial, Grim
moved to exclude the identification as impermissibly suggestive and did not
challenge the legality of the seizure.  Thus, the State contends that the
argument presented on appeal is not preserved and should have been pursued via
an ineffective assistance claim.  In his reply brief, Grim agrees with the
State and asserts that trial counsel was ineffective for failing to challenge
the legality of the seizure at trial.  He urges us to accept his ineffective
assistance claim as an amendment to his brief.  See Tex. R.
App. P. 38.7. 
We will do so.  See Houston v. State, 286 S.W.3d 604, 612 (Tex.
App.—Beaumont 2009, pet. ref’d); see also Tex. R.
App. P. 38.9.


To prove ineffective assistance, an
appellant must show that: (1) counsel’s performance was deficient; and (2) the
defense was prejudiced by counsel’s deficient performance.  See Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d
674 (1984); see also
Wiggins
v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d
471 (2003).  The record
is silent as to any reasons explaining trial counsel’s actions and we will not
so speculate.  See Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Absent a record revealing trial
counsel’s strategy or motivation, Grim cannot defeat the strong presumption
that trial counsel’s actions fell within the wide range of reasonable
professional assistance.  Id.  An ineffective assistance claim is better
raised through an application for a writ of habeas corpus.  See Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).  We overrule issue one.    

LEGAL AND FACTUAL SUFFICIENCY

            In issues two and three,
Grim challenges the legal and factual sufficiency of the evidence to support
the jury’s deadly weapon finding.  

The indictment alleges that Grim “use[d]
or exhibit[ed] a deadly weapon, to-wit: a firearm.”  The handgun admitted into
evidence was found in the home of Arthur Romero, where Grim lived.  Romero
testified that he received the handgun as a gift, that it had no clip or
ammunition, that it was broken, and that it had never been fired.  Officer John
Leach testified that the handgun was a small black .25 caliber semi-automatic
weapon that was neither operable nor had a clip.  The handgun matched the
victim’s description of the weapon used during the robbery.      

A deadly weapon constitutes: (1) a
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or (2) “anything that in the
manner of its use or intended use is capable of causing death or serious bodily
injury.”  Tex. Pen. Code
Ann. § 1.07 (17)(A)-(B) (Vernon
Supp. 2009).  Grim
contends that Romero’s handgun satisfies neither definition because the State
failed to present evidence that it has the characteristics or capabilities of a
firearm.  

A firearm is a deadly weapon per se.  Ex parte Huskins, 176 S.W.3d 818,
820 (Tex. Crim. App. 2005).  The
State is required to prove only the use of a deadly weapon; if its proof shows
a firearm, it need not prove that it was operable.  Wright v. State, 582 S.W.2d 845, 847 (Tex. Crim. App.
1979);  see Walker v. State, 543 S.W.2d 634, 637 (Tex.
Crim. App. 1976) (Finding a .45
automatic pistol to be a “firearm,” even assuming that the weapon’s clip and
firing pin were missing at the time of the robbery).  

Romero testified that the handgun is a
real firearm and, even if broken, could be used to threaten bodily injury or
death.  The victim testified that he felt “scared” when he saw the handgun and
thought he might be hurt or killed.  The evidence in the record establishes
that the handgun used during the robbery, even though inoperable, was a firearm
“manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury.”  Tex. Pen. Code Ann. § 1.07 (17)(A); see Walker, 543 S.W.2d at 637 (Forty-five automatic, even without
a firing pin and clip, “was manifestly designed and made for the purpose
of inflicting death or serious bodily injury and [] this fact was
evident to the senses and understanding of the victim.”); see also Aikens v. State,
790 S.W.2d 66, 67-68 (Tex. App.—Houston [14th Dist.] 1990, no pet.).  The
evidence is legally and factually sufficient to support the jury’s deadly
weapon finding.  See Curry
v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000); see also Jackson
v. Virginia, 443
U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000). We
overrule issues two and three.     

JURY INSTRUCTION

            In issue four, Grim argues
that the trial court instructed the jury on a different manner of committing
aggravated assault than that alleged in the indictment.

            The indictment alleges that
Grim committed the offense of aggravated assault by “intentionally or knowingly
threaten[ing] or plac[ing] [the victim] in fear of imminent bodily injury or
death.”  In its charge, the trial court included the following definition: “A
person commits the offense of robbery if, in the course of committing theft and
with intent to obtain and maintain control of property of another, he
intentionally or knowingly causes bodily injury to another.”  Grim did not
object to the charge.  On appeal, he contends that the definition of “robbery”
misled the jury because: (1) it includes the lesser mental state of
recklessness;[1]
and (2) the jury could have believed that it was proper to convict him on a
theory not alleged in the indictment.[2] 


When, as here, an appellant fails to
object to the charge at trial, he must show egregious harm to prevail on appeal.  See
Ngo v. State, 175 S.W.3d 738, 743-44 (Tex.
Crim. App. 2005); see also Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1985).  “Errors that result in egregious harm are those that affect
‘the very basis of the case,’ ‘deprive the defendant of a valuable right,’ or ‘vitally
affect a defensive theory.’”  Ngo, 175 S.W.3d at 743
(quoting Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim.
App. 1996)). To determine whether “error was so egregious that a
defendant was denied a fair and impartial trial,” we examine: (1) the entire
jury charge; (2) the state of the evidence; (3) the arguments of counsel; and
(4) any other relevant information in the record.”  Id. at 750 n.48; Almanza, 686 S.W.2d at 171.

Throughout trial and closing arguments,
neither the State nor the defense suggested that bodily injury had been
intentionally or knowingly caused.  Rather, the evidence showed that the
firearm was aimed at the victim, placing him in fear of imminent bodily injury
or death.  Most importantly, the trial court’s application paragraph properly
instructed the jury that, to find Grim guilty of aggravated robbery, they must
conclude beyond a reasonable doubt that he “intentionally or knowingly
threaten[ed] or place[d] [the victim] in fear of imminent bodily injury or
death.”  The application paragraph for the lesser included offense of robbery
also tracked this language.  There is no indication in the record that the jury
failed to follow the trial court’s application paragraph.  Grim cannot
establish egregious harm resulting from the erroneous definition of robbery.  See
Medina v. State, 7 S.W.3d 633, 640 (Tex. Crim. App.
1999) (“Where the
application paragraph correctly instructs the jury, an error in the abstract
instruction is not egregious.”);
see also Williams v. State, 226 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.] 2007, no
pet.)
(“Appellant does not direct
us to any evidence that the jury did not follow the instructions in the
application paragraph, and our review of the record reveals none.”).  We overrule issue four.

Having overruled Grim’s four issues, we
affirm the judgment.  

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed March 24, 2010

Do not publish

[CRPM]

 









[1]                 A person
commits robbery if, in the course of committing theft and with intent to obtain
or maintain control of the property, he: (1) intentionally, knowingly, or recklessly
causes bodily injury to another; or (2) intentionally or knowingly threatens
or places another in fear of imminent bodily injury or death.  Tex.
Pen. Code Ann. § 29.02(a) (Vernon 2003) (emphasis added).

 





[2]               Grim bases his second
argument on testimony that, at one point during the robbery, Grim grabbed the
victim around the neck, which could lead the jury to conclude that the victim
suffered bodily injury.