**Affirmed and Memorandum Opinion filed July 17, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00454-CR

---

## MOSES LOPEZ, JR., Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1352903**

---

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant Moses Lopez, Jr., of aggravated assault of a family member. The trial court sentenced appellant to sixteen years in prison. Appellant filed a timely notice of appeal. We affirm.

Appellant's only claim on appeal is that the evidence is legally insufficient to support his conviction for aggravated assault. The manner and means of the

aggravated assault were by threatening imminent bodily injury through the use and exhibition of a deadly weapon — a rifle.

Moses Lopez, Sr., ("Lopez Sr.") appellant's father, testified he was awakened by appellant "busting into" his bedroom. Appellant "came in there with a rifle and that he's going to kill me and he pulled the trigger. It didn't go off and then he threw the rifle at my bed." Lopez Sr. testified his daughter came in and shoved appellant. Lopez Sr. got out of bed and ran out of the house, to his sister's next door. Lopez Sr. testified that he was in fear for his life when appellant was pointing the rifle at him.

The rifle was a .22, which Officer Patrick Morrisey of the Houston Police Department described as "very deadly." The record reflects the following testimony was given by Lopez Sr.:

> Q. [THE STATE]: Now, sir, the gun -- how long have you owned that? Was it your gun that was being pointed at you?
>
> A. Yes.
>
> Q. How long have you owned that gun for, sir?
>
> A. Oh, about way over ten years, you know.
>
> Q. Okay.
>
> A. And I've just had it in the closet, you know.
>
> Q. Had you ever fired it before?
>
> A. No. No, sir.
>
> Q. But how long, sir, had it been since you've even seen the gun before that?
>
> A. It's been in the closet about ten years or more than that, you know.
>
> Q. Sir, so is it fair to say that you got the gun ten years ago and put it in the closet and that's where it stayed?
>
> A. Yes, to eventually fix it because, you know, I never got to it.
>
> Q. Okay. When you say "fix it," what do you mean about fix it?

Change it somehow?

A. Yeah. Just -- yeah. Because it's an old rifle, you know.

Q. But when your son was pointing it at you and when he squeezed that trigger, what was going through your head, sir?

A. Well, like I say, I thought it was going to be over, you know, cause he kept hollering he was going to kill me.

On cross-examination, Lopez Sr. testified as follows:

Q. [DEFENSE COUNSEL]: The rifle was always yours? And as far as the rifle goes, you've never fired it, correct?

A. Never.

Q. Do you even know if it works?

A. I didn't think it was [sic] worked, you know.

Q. Okay. And as far as ammunition, do you possess any ammunition for that rifle?

A. No.

Q. Is there any in your house?

A. No.

Appellant concedes that the .22 rifle was manifestly designed for the purpose of inflicting death or serious bodily injury. Thus, the rifle met the definition of "deadly weapon" and the State was not required to prove it was operable. *See* Texas Penal Code § 1.07(a)(17)(A); *Walker v. State*, 543 S.W.2d 634, 637 (Tex. Crim. App. 1976); and *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App.1991).

Appellant argues his father's testimony established he knew the rifle was not capable of causing serious bodily injury because it was unloaded and inoperable. Appellant asserts his father's knowledge distinguishes this case from those finding the fact that the firearm was inoperable or unloaded does not render the evidence

3

legally insufficient to support a conviction for aggravated assault by threat. In essence, appellant is asking this court to require the State to prove the intended victim actually perceived the threat.

The statute does not require actual perception of the threat by the victim. Tex. Penal Code Ann. § 22.01(a)(2) (West Supp. 2010). The question of whether the threat must be perceived or received by the intended victim was expressly left open in *Olivas v. State*, 203 S.W.3d 341, 350 (Tex. Crim. App. 2006), and remains undecided by the court of criminal appeals. *See Boston v. State*, 410 S.W.3d 321, 326 (Tex. Crim. App. 2013) (finding there was sufficient evidence for a rational jury to infer the threat was perceived); and *Schmidt v. State*, 232 S.W.3d 66, 68 (Tex. Crim. App. 2007) (there was ample evidence for the jury to find the defendant communicated a threat of further violence). For the reasons stated below, it is also unnecessary for us to decide this issue in this case.

We first note the record does not establish whether the gun, in fact, was unloaded or inoperable. There was no testimony explaining why the rifle failed to fire. Lopez Sr.'s testimony establishes that ten years ago he placed the rifle in the closet without ever loading it or having fired it, and he believed it did not work. Lopez Sr. testified at trial that it was his gun appellant used. However, he did not testify that when he awakened to find his son pointing a rifle at him and threatening to kill him, he recognized it as the same rifle and knew it was unloaded or inoperable.

The record reflects that Lopez Sr. saw appellant raise a rifle, point it at him and pull the trigger, while saying that he was going to kill him. Lopez Sr. testified that he was in fear for his life. Assuming, *arguendo*, the State must prove perception of the threat, there was such evidence in this case. *See Dobbins v. State*, 228 S.W.3d 761, 766 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd, untimely

4

filed).  Accordingly, we find, viewing all the evidence in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  Appellant's issue is overruled and the judgment of the trial court is affirmed.


/s/     John Donovan
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

5