# Court of Appeals
## Tenth Appellate District of Texas

### 10-24-00184-CR

Frank Dillard Proctor,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
54th District Court of McLennan County, Texas
Judge Gary R. Coley, presiding
Trial Court Cause No. 2023-717-C2

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

Frank Dillard Proctor was convicted of unlawful possession of a firearm by a felon, *see* TEX. PENAL CODE § 46.04, and sentenced to 45 years in prison. We affirm the trial court's judgment.

**BACKGROUND**

911 dispatch received a call from Denise Rivera, reporting a domestic disturbance at an apartment complex in Waco, Texas. During the call, Rivera

stated that Proctor had pointed a gun at her. Although Rivera told dispatch that Proctor had run toward the park near the apartment complex to hide the gun, she was afraid he was going to come back and shoot her. When police arrived, they saw Proctor walking along a brick wall. The gun was later located next to the wall about 10 feet from where Proctor was seen walking.

## ADMISSION OF EVIDENCE

In his first issue, Proctor complains that the trial court erred in admitting DNA evidence that was, he argues, misleading to the jury and was compounded by the State's argument on guilt/innocence. Proctor did not object to the introduction of the evidence.

The Court of Criminal Appeals has consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. *Irsan v. State*, 708 S.W.3d 584, 603 (Tex. Crim. App. 2025); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002). This is true even if the error concerns the constitutional rights of the defendant. *Id*. *See also Cruz v. State*, 698 S.W.3d 265, 268 (Tex. Crim. App. 2024).

Proctor acknowledges that he did not object but contends this type of "error" is structural and should be reviewed under the "constitutional harmless error standard" nonetheless. Structural errors are errors that defy analysis by the harmless error standards. *See Stredic v. State*, 663 S.W.3d 646, 665 (Tex.

Crim. App. 2022) (citing *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907-1908, 198 L. Ed. 2d 420 (2017)). Fundamental errors, on the other hand, are errors that do not require preservation to review on appeal. To gain appellate review without an objection, the claim Proctor makes would need to be characterized as fundamental error.

The Court of Criminal Appeals has enumerated the following fundamental errors which do not require preservation to review: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of appointed counsel's right to ten days to prepare for trial; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the Texas Constitution; (7) jury charge errors resulting in egregious harm; (8) prosecution at a location other than the county seat; (9) prosecution under an *ex post facto* law; and (10) comments by a trial judge which taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002). Proctor's complaint does not fall within any of these categories.

Accordingly, because Proctor did not object to the DNA evidence, his complaint on appeal is not preserved for review.

Proctor's first issue is overruled.

**SUFFICIENCY OF THE EVIDENCE**

Next, Proctor contends the evidence is insufficient to prove beyond a reasonable doubt that what he possessed was, in fact, a firearm.[1]

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial

---

[1] Proctor does not challenge the possession element.

evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

A firearm is defined as any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. TEX. PENAL CODE § 46.01(3). Proctor contends the evidence is insufficient because there was no direct evidence that what he possessed was a *working* firearm.

### *Relevant Evidence*

Rivera explained to the 911 dispatcher that Proctor had pointed a gun[2] at her and that he was running towards the park trying to hide it. She was scared Proctor would return and shoot her. When officers arrived at the scene, they were informed that Proctor had hidden a gun with gold on it outside the apartment complex. A gun matching the description given was discovered along a brick wall about 10 feet from where officers previously had seen Proctor walking. The gun was identified as a "Glock 45." Officers later discovered that the gun found along the wall matched the description of a stolen gun, that being: "a Glock, G-45 9 millimeter, semi-automatic handgun, black in color

---

[2] The witnesses, Proctor, and the prosecutor used the term "gun" interchangeably with the term "firearm." We will use the term "gun," throughout the opinion.

with a gold twisted barrel, a magazine release, and a gold plated magazine, with a custom shape trigger[.]" The gun found also had the same serial number as the stolen gun.

The gun in this case was introduced as a demonstrative exhibit for the jury to view. Photographs of the gun were also introduced into evidence.

A crime scene investigator with the Waco Police Department, testified as to how DNA evidence is collected from a gun and used the gun in this case to demonstrate. One of the many tasks performed to process this gun was to "function test" it to confirm the investigator could "fire it properly and safely, and then test fire it." When the investigator was asked if all the tasks to which the investigator testified were performed in this case, the investigator responded, "Yes, sir."

*Analysis*

The State was not required to prove that the gun was operational at the time of the offense to prove that it was a firearm. *See, e.g.*, *Walker v. State*, 543 S.W.2d 634, 637 (Tex. Crim. App. 1976) (holding that an automatic pistol that was "missing a firing pin and without a clip" at the time of the offense constituted a firearm); *Hutchings v. State*, 333 S.W.3d 917, 922 (Tex. App.— Texarkana 2011, pet. ref'd). Although no witness testified that the gun found fit the definition of a firearm, the cumulative force of all incriminating

circumstances admitted during the trial was sufficient to establish the gun was a firearm within the meaning of the statute. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015).

Accordingly, viewing the evidence in the light most favorable to the verdict, the evidence is sufficient to support Proctor's conviction.

His second issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgment.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED:  August 21, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do Not Publish
CRPM

